WILLIAM H. ROSS, EXECUTOR, ETC., v. THE CITY OF DETROIT.

96  447
f147  203

*Trial—Arguments of counsel.*

Where the attorney for the plaintiff in a negligence case against a city, in his closing argument to the jury, in answer to a statement of the counsel for the defendant that the jury should not allow larger damages than the plaintiff had demanded in the claim presented to the common council, states that the city counselor had recommended to the council that a larger sum be paid, which statement is objected and excepted to, and is wholly unsupported by any evidence in the case, it is reversible error.

Error to Wayne. (Brevoort, J.) Argued June 20, 1893. Decided July 25, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*John J. Speed* (*T. T. Leete, Jr.,* of counsel), for appellant.

*L. C. Stanley* (*Otto Kirchner,* of counsel), for plaintiff.

GRANT, J. This suit was instituted by Martha Ross. Upon her death the plaintiff, her executor, was duly admitted to prosecute the suit.

The declaration alleges that her claim for damages was presented to the common council for audit and allowance, and was rejected. Upon the trial this claim made by Mrs. Ross to the common council was introduced in evidence by the plaintiff. It stated that "she has decided to limit her claim to the sum of $2,000 on the basis of a prompt adjustment, but without prejudice to her rights in the event of a suit." During the trial, negotiations were entered upon for a settlement, and the trial was postponed for that purpose. The negotiations, however, failed.

Counsel for the defendant, in his argument to the jury, said that they should not allow larger damages than she herself demanded. Counsel for the plaintiff, in his closing argument, said: "Why, gentlemen of the jury, the city counselor himself has recommended to the council that a larger sum than this be paid." This statement was objected and excepted to, and the circuit judge made no comment to the jury upon it. There was no evidence in the case upon which to base such a statement, and it could hardly fail to prejudice the jury.

For this error the case must be reversed, and a new trial ordered.

The other Justices concurred.