### JACK BRAZELL V. THE STATE.

*No. 409.  Decided May 9.*

**1. Election of Special Judge.**—It is expressly provided by article 1094, Revised Statutes, that whenever the judge of the District Court is unwilling to hold his court at a regular term thereof, a special judge may be elected by the practicing lawyers of said court who are present.

**2. Argument of Counsel—Failure of Defendant to Testify.**—In the opening argument of counsel for the State, he, after stating that he had proved the whereabouts of defendant on certain days, and had shown by a witness that defendant was present and committed the burglary, turned, and facing the defendant, said, "Now where does he say he was, if not there?" *Held,* an illegal allusion to the fact that defendant had not testified in his own behalf, the vice of which was not cured by the rebuke of the judge and his withdrawing them from the consideration of the jury.

**3. Same.**—Where, in his closing argument, the county attorney expressed his opinion that defendant was guilty, and told the jury, in effect, that if they convicted him he could appeal to the higher court, but if they acquitted the State could not appeal, and this burglar might enter other houses and murder might be committed by him in carrying out his foul purpose, which remarks, though objected to, were permitted to go unrebuked by the court, *Held,* cause for reversal.

APPEAL from the District Court of Dallas.  Tried below before Hon. CHARLES F. CLINT, Special Judge.

This appeal is from a conviction for burglary, the punishment being assessed at three years' imprisonment in the penitentiary.

This is a companion to Conway v. The State, ante, p. 327, and the facts will be found substantially stated in that case.

*E. G. Williams* and *Stillwell H. Russell* filed an able and elaborate brief discussing all the errors assigned.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Burglary. The case is companion to Conway's case, ante, p. 327. The case was tried before Hon. Charles F. Clint, sitting as special judge of the Fourteenth District. Objection was made by plea to his trying the cause. The record discloses that the regular judge of the district, Hon. R. E. Burke, was unwilling to preside as judge of said court, and so announced, and thereupon the members of the bar proceeded under the statute to elect a special judge, Charles F. Clint being elected. This proceeding was authorized by the statute (Rev. Stats., art. 1094), and there was no error in overruling the plea.

A continuance was asked on account of the absence of a witness (Smith), and refused. The evidence of this witness was commented on in the opinion in Conway's case, and, as the case will be reversed, we need not notice it further. The same may be said of the objections to the testimony of Sheriff Cabell.

In the opening argument counsel for the State said: "We have proved where the defendant was on the 29th, 30th, and 31st of January, 1893, and the 1st, 2nd, 3rd, and 4th of February, 1893, and we have shown by the witness Forrester that the defendant was present and committed this burglary;" and then, facing the defendant, said: "Now, where does he say he was if he was not there?" On objection being made, the court admonished the counsel not to refer to that, and told the jury not to consider it. It seems from this that the trial judge understood the counsel to be referring to the fact that defendant had the opportunity to testify with regard to this matter and had not availed of the privilege. We think the remarks bear this construction, and under repeated decisions the allusion is cause for reversal; and the fact that the court rebuked them, and withdrew them from the consideration of the jury, does not cure the vice.

Again, in the closing argument the county attorney expressed the opinion that the defendant was guilty, and said: "If you convict, defendant has a right to make a motion for a new trial, and if that is overruled by Judge Clint, he has a right to appeal his case to a still higher court for them to say whether or not the conviction should stand; but, gentlemen, if you acquit this defendant the State can do no more; she can't move for a new trial, neither can she appeal; she will have to stand tied by your verdict, and who knows the house that

will be next entered by this burglar, and the murder that might be committed, and the outrage that might be perpetrated, to carry out his foul purpose?" An objection was made; the court permitted the same to go unrebuked. Such remarks were held cause for reversal in Crow's case, ante, p. 264.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.