AL ANGLIN v. THE STATE.

No. 2722.     Decided April 13, 1904.

**Argument of Counsel—Reversible Error.**

The following language of the county attorney in his closing argument to the jury: "Gentlemen of the jury, the defendant, Al Anglin, has not testified in his own behalf in this case; under the law he can not be made to testify, but I ask you the question, if he did not desire to testify he could have secured others to testify in his behalf; this he has not done," was reversible error, although the court had instructed the jury to disregard the same.

Appeal from the County Court of Hamilton. Tried below before Hon. James R. Hamilton.

Appeal from a conviction of keeping a gaming table or bank; penalty, a fine of $25 and ten days' confinement in the county jail.

No statement necessary.

No brief of appellant has reached the hands of the Reporter.

*Howard Martin*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged by information "with unlawfully keeping and exhibiting for the purpose of gaming a gaming table and bank;" was convicted, and his punishment assessed at a fine of $25 and ten days confinement in jail. The only error we deem necessary to review is disclosed by the sixth bill of exceptions, which shows that after the testimony for the State and defendant closed, the county attorney made his first argument, and the defense made one argument; and then the county attorney proceeded to making his closing argument, and used the following language: "Gentlemen of the jury, the defendant Al Anglin has not testified in his own behalf in this case; under the law he can not be made to testify, but I ask you the question, if he did not desire to testify he could have secured others to testify in his own behalf; this he has not done." To this language appellant's counsel excepted; and the court instructed the jury to disregard the utterances made by the county attorney with reference to the failure of the defendant to testify in his own behalf. The court appends to the bill the statement that he understood the county attorney to say, "Mr. Hart was right in saying that you could not consider the failure of the defendant to testify in his own behalf in this case; under the law he can not be made to testify. It is a valuable right which I am not allowed to discuss, but I can ask you the question, why has he not secured others to testify in his behalf? Those with whom he associated at that time and who know his business are familiar with his movements and actions. This he has not done." It will be noted that the qualification of the court does not controvert the statement in the bill; but merely states the matter as he understood it. However, the qualification does not disclose who Mr. Hart was. We can not indulge presumptions in aid of a bill of exceptions. We presume that Mr. Hart was appellant's counsel, and that the county attorney's remarks were in answer to the remark of appellant's counsel. This being true, we must hold that the language in either event violated the plain letter of the statute which inhibits the county attorney from commenting upon and alluding to the failure of the defendant to testify. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*