J. G. BAUGHMAN v. THE STATE.

No. 3324.   Decided November 22, 1905.

</div>

**1.—Local Option—Argument of Counsel—Defendant as Witness.**

    See opinion for language of prosecuting attorney which is held to be an allusion to the failure of the defendant to testify. Also for remarks of prosecuting attorney about matters not in evidence and which would have been inadmissible if offered as such.

**2.—Same—Evidence—Other Transactions.**

Where on trial for a violation of the local option law the State's testimony was positive as to the specific sale alleged, it was error to admit testimony of other transactions not having any connection with the matter under investigation.

**3.—Same—Evidence—Conspiracy to Prosecute.**

On a trial for a violation of the local option law it would be admissible for defendant to show that the prosecution against him was a conspiracy to harass him, to show motive and reasons for the prosecution; but the matter must be connected up to show such conspiracy.

Appeal from the County Court of Rusk. Tried below before Hon. W. W. Moore.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Buford & Buford,* and *R. T. Brown,* for appellant.—On the question eluding to the defendant's failure to testify: Art. 770, Code Crim. Proc.; Hunt v. State, 28 Texas Crim. App., 149; Reed v. State, 29 Texas Crim. App., 449; Jorden v. State, 29 Texas Crim. App., 595; Johnson v. State, 31 Texas Crim. Rep., 464; Wilkins v. State, 33 Texas Crim. Rep., 320; Hawkins v. State, 39 Texas Crim. Rep., 262.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the sale of whisky in a local option territory to one Tucker. The county attorney, in his closing argument, used the following language: "Go back to the defendant's testimony in this case, and see if you can find where the sale has been denied." Another counsel for the State, in his argument to the jury, turned, and looking defendant in the face, and while in this position, said: "Who knows better whether or not he sold Tucker the whisky?"—pointing out defendant in the court room to the jury. The contention is made that this is an allusion to the failure of the defendant to testify and take the stand as a witness in his own behalf. Defendant did not testify. We are of opinion that these contentions are correct. They could mean nothing else but to point out the fact to the jury that appellant had not testified.

Another bill is reserved to the remarks of private counsel for prosecution, wherein it is recited that he pointed his finger at defendant, who was sitting inside the bar, near the jury, and with much force and emphasis proceeded to use the following language: "He knows whether or not he was indicted in the federal court at Tyler." Several objections were urged to this. This remark should not have been made. Tucker had testified to his being before the grand jury at Tyler, in regard to these matters, and defendant had not taken the stand. Tucker did not testify that an indictment had been returned. His evidence was confined to the fact that he was before the federal grand jury at

Tyler. Whether appellant was indicted in the federal court or not, was immaterial in this case. It could not have been evidence on the trial, and if offered should have been excluded. An attorney is not authorized in argument to make statements to the jury that are not in evidence, and which, if offered in evidence, would be excluded. Certainly an attorney in his argument would not be permitted to make statements to the jury not admissible in evidence, if the statements of the attorney were with reference to facts.

Pete Hendricks was permitted to testify to the following facts: "That defendant all along during the year 1904 received whisky and received as much as two or three gallon boxes a week during said time. He ordered twice for me." Objection was urged to this, on the ground that appellant was charged with selling whisky to Tucker, and that these orders had no connection whatever with the sale charged in the indictment, and were irrelevant, immaterial and prejudicial to appellant's cause. This testimony should have been excluded. Appellant was on trial for making a specific sale to Tucker. Tucker testified positively to this specific sale; and these shipments during the year had no connection with this matter, served to throw no light upon it, was not introducable for any purpose, and served to prejudice appellant.

Appellant offered the testimony of certain witnesses upon the theory that there was a conspiracy between Tucker, Gunn and others to carry on a systematic prosecution against appellant and some of his friends, growing out of some extraneous troubles, about matters not connected directly with this case; and that the prosecution of appellant and Mathis and others was a part and parcel of the conspiracy. As we understand this record, the conspiracy or agreement among these parties was not shown. If the matters could be connected up on another trial, so that this testimony could be introduced, it would be error to exclude it. It would serve to show or tend to show the animus, motive and reasons for this prosecution. But as presented by this record, we do not believe the conspiracy was sufficiently shown to introduce this evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.