## PEOPLE *v.* CAHILL.

1. CRIMINAL LAW — LARCENY — EVIDENCE — CONVERSATIONS BE-
   TWEEN THIRD PERSONS.
   In a prosecution for the larceny of a watch, it is error to per-
   mit a witness to testify that when respondent and others
   were in the back room of witness' saloon, the door being
   slightly ajar, a policeman came in, and witness told him that
   the party had a watch they wanted to sell for $3, and he
   could go in and get them, but the officer did not have the
   courage to do so.

2. SAME—TRIAL—ARGUMENT OF PROSECUTING ATTORNEY.
   For the prosecuting attorney, in argument, to refer to respond-
   ent's failure to testify, violates section 10211, 3 Comp. Laws.

3. SAME—ARGUMENT—REFERENCE TO EVIDENCE NOT ADMITTED.
   It is error for the prosecuting attorney, in argument, to state of
   a witness for the respondent that there were some things
   about her testimony that he would like to have shown, but
   was not permitted to, that counsel knows what they are and
   knows they would not be safe for his case.

Error to recorder's court of Detroit; Phelan, J.    Sub-
mitted January 24, 1907.    (Docket No. 147.)    Decided
February 5, 1907.

Stephen Cahill was convicted of larceny from the per-

son, and sentenced to imprisonment for not less than one nor more than one year in the State prison at Jackson. Reversed.

*Thomas J. Mahon*, for appellant.

*Ormond F. Hunt*, Prosecuting Attorney, and *Walter M. Trevor*, Assistant Prosecuting Attorney, for the people.

MOORE, J.    The respondent was convicted of the offense of the larceny of a watch from the person. The case is brought here by writ of error.

The case must be reversed for two reasons: A saloon keeper by the name of Brozo was permitted to testify that when respondent and some others were in the back room of his saloon, the door being slightly open, a policeman came in and characterized the men, including respondent, as crooks. We quote further:

" I says to him, I says, ' Well, I will tell you, Hopp, if they are crooks. I will tell you what they got: They have got a watch they want to sell for $3.'  I says, ' If you want them, they are in there. Go and get them.'"

He further testified that the officer did not have the courage to go in and arrest them. This testimony was improper and prejudicial.

The assistant prosecuting attorney in his argument to the jury used the following language:

"*Mr. Trevor:*   *   *   *   The defendant has not taken the stand—
"*Mr. Mahon :*   Exception.
"*Mr. Trevor:*   And he does not need to if he don't want to—
"*Mr. Mahon:*   I take exception to that remark:   The defendant has not taken the stand.
"*Mr. Trevor :*   It relies entirely on his decision whether he shall or not, but they have put in testimony here of a witness, his sister. He was at her house at 7 o'clock and stayed there three-quarters of an hour.   Why? Because, gentlemen of the jury, that covers the time that

all the witnesses have testified to on the part of the people."

This argument was in violation of the provisions of section. 10211, 3 Comp. Laws. Like arguments have been condemned over and over again by this court. See *People* v. *Payne*, 131 Mich. 474. It is said, however, that in his charge to the jury the circuit judge instructed them they were not permitted to consider the respondent's failure to testify in determining whether he was guilty, and that this counteracted the effect of the improper argument; counsel citing *People* v. *Hess*, 85 Mich. 128; *People* v. *Grant*, 111 Mich. 346; *People* v. *Swartz*, 118 Mich. 292; *Cameron Lumber Co.* v. *Somerville*, 129 Mich. 555.

Without deciding whether the error was thus cured, we desire to call attention to the following: Mrs. Graham, a sister of respondent, was a witness in his behalf. If her testimony was true, respondent could not have committed the offense. In his argument the assistant prosecuting attorney referred to this witness as follows:

"*Mr. Trevor:* There was some things about her testimony which I would like to have shown, but I was not permitted to.

"*Mr. Mahon:* Exception.

"*Mr. Trevor:* Counsel knows what they are, and he knows they would not be safe for his case.

"*Mr. Mahon:* Exception."

Counsel was not rebuked at the time by the court, and no reference was made to this portion of the argument in the general charge. The following cases are authority to the effect that such an argument is reversible error: *McDuff* v. *Journal Co.*, 84 Mich. 2; *Ross* v. *City of Detroit*, 96 Mich. 447.

There were other portions of the argument that were objectionable, but as the judge so informed the counsel at the time, we need not refer to them more in detail. We cannot understand why prosecuting officers will persist in making arguments in criminal cases which they

must know are improper and which will necessarily result in the reversal of the case, if a conviction is had.

For the reasons stated the conviction is set aside and a new trial ordered.

BLAIR, MONTGOMERY, and HOOKER, JJ., concurred with MOORE, J.

OSTRANDER, J. In my opinion the remark of the prosecuting attorney about the failure of the respondent to testify *was* prejudicial, the effect was not remedied or prejudice removed by the remarks of the court, and for that reason, as well as the two relied upon by Mr. Justice MOORE, the judgment should be reversed.