RUDOLPH WILCOCK v. THE STATE.

No. 1377. Decided November 22, 1911.

**1.—Theft of Cattle—Allusion to Defendant's Failure to Testify.**

Where State's counsel in his argument stated that although defendant had offered no testimony, he did not mean to refer to his failure to testify, the same was an allusion to such failure to testify, and reversible error.

**2.—Same—Continuance.**

Where the cause is reversed on other ground, the motion for continuance need not be discussed, although it should have been granted.

**3.—Same—Misconduct of Jury—Separation.**

Where, upon trial of theft of cattle, the jury was permitted to separate without being in charge of an officer, there was reversible error.

Appeal from the District Court of Fort Bend. Tried below before the Hon. Wells Thompson.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. I. McFarlane, John M. Cobb, L. M. Ballowe* and *L. M. Williamson,* for appellant.—On question of allusion to defendant's failure to testify: Miller v. State, 45 Texas Crim. Rep., 517.

On question of separation of jury: McCampbell v. State, 37 Texas Crim. Rep., 607; Walker v. State, 51 S. W. Rep., 234; Grissom v. State, 4 Texas Crim. App., 374; Porter v. State, 1 Texas Crim. App., 394; English v. State, 28 Texas Crim. App., 500; Brown v. State, 38 Texas Crim. Rep., 597; Gant v. State, 55 Texas Crim. Rep., 285; Robinson v. State, 30 Texas Crim. App., 460.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of cattle theft. We deem it unnecessary to go into any particular statement of the facts.

Vol. LXIV Crim.—1.

1. During the trial and while one of the prosecuting attorneys in the case, Mr. Peareson, was addressing the jury he remarked: "The defendant's defense in this case is, although he has offered no testimony to that effect, I do not mean to refer to his failure to testify," whereupon appellant's attorney, in the hearing and presence of the jury, excepted to said argument upon the ground that it was an allusion to the fact that the defendant had not testified, and the court informed Mr. Peareson that he should not allude to the failure of defendant to testify. To which Mr. Peareson replied, "I have not referred to defendant's failure to testify. On the contrary, I stated to the jury that I did not so mean to refer to that fact." This is shown by the bill of exceptions. This was clearly an allusion to the fact that the defendant did not testify. The expression, "I do not mean to refer to his (meaning defendant) failure to testify," clearly and unequivocally refers to the fact that defendant did not testify.

2. There is a bill of exceptions to the refusal of the court to grant a continuance, which we deem unnecessary to discuss inasmuch as the case will be reversed on the above stated ground. These witnesses may be in attendance upon another trial of the court if the case should be tried again. However, the continuance ought to have been granted.

3. There was an amended motion for a new trial. Among other things, it is set up in said motion that after ten of the jurors had been selected and accepted by the State and defendant as jurors, they separated not in charge of an officer. In signing the bill of exceptions the court makes this statement and modification: "After ten of the jurors had been duly selected and accepted by the State and defendant as jurors, and at the time it being adjourning time for the evening on April 17, 1911, 5 o'clock p. m., and the venire for the week having been exhausted, the court not desiring to keep the said ten jurors together under the direction of an officer for the night, and desiring to give them their liberty for the night, and the district attorney and attorney for the defendant having agreed that the said ten jurors might thus separate for the night and until the next morning not in charge of an officer, which was done," etc. This was, in our judgment, clearly a violation of the statute. The appellant did not personally agree to it, but if he had, the statute requires that when a jury separates by the consent of the defendant, the jurors must be in charge of an officer.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*