(79 South. 507)

MATTHEWS v. STATE.   (7 Div. 516.)

(Court of Appeals of Alabama.   June 29, 1918.)

1. CONSPIRACY ⬥41—LIABILITY OF CONSPIRATORS.

Where several persons with common design to whip another went to his house, and one of them shot him, all were responsible therefor, since conspirators are responsible for everything following directly or incidentally in the execution of the common design as one of its probable and natural consequences, even though not intended as a part of the original design.

2. HOMICIDE ⬥305—INSTRUCTIONS.

In prosecution of one of a mob for homicide committed by another member thereof, instruction that, if the killing was accidental, accused could not be convicted, was properly refused.

3. HOMICIDE ⬥305—INSTRUCTIONS.

In prosecution of one member of mob for homicide committed by another, instruction that, if the other killed the victim from personal malice, and with intent not known to accused, accused was not guilty, was properly refused.

4. CRIMINAL LAW ⬥814(10) — INSTRUCTIONS —ISSUES—INSANITY.

In prosecution for murder, the issue of insanity is, under Code 1907, § 7176, required to be presented by a special plea, so that, in the absence of such plea, instructions concerning acquittal if accused was insane were properly refused.

5. CRIMINAL LAW ⬥787(2)—ARGUMENTATIVE INSTRUCTIONS — FAILURE OF ACCUSED TO TESTIFY.

Requested instruction that, "when a defendant is put on trial he may go upon the stand and testify or may not, as he chooses, and you cannot infer that he is guilty because he does not go upon the stand," was properly refused as elliptical and argumentative.

6. CRIMINAL LAW ⬥455 — OPINION EVIDENCE—APPEARANCE OF WOUNDS.

It is permissible for the widow of deceased to describe the wounds inflicted upon her husband and to state that the holes around the large wound appeared to have been made by buckshot.

7. CRIMINAL LAW ⬥728(5) — ARGUMENT — REQUEST FOR CORRECTION.

Where the prosecuting attorney makes improper remarks to which objection is sustained, and the remarks are withdrawn, if accused is not satisfied that the prejudicial results were removed, he must request the court to admonish the jury in respect thereto.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Will Matthews, alias, etc., was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were refused to defendant:

(1) If you believe the evidence in this case as to the sanity of Matthews, you should not convict.

(2) If you believe from the evidence that this killing was accidental, then you should not convict defendant.

(3) If you believe from the evidence that Sanders killed Edmonds from personal malice, and if you further believe this defendant did not know the intent on the part of Sanders, nor of his malice, then defendant would not be guilty.

(5) If you believe from the evidence the killing of Edmonds was the result of misadventure or accident on the part of Sanders, then this defendant should not be convicted.

(7) If you believe from the evidence that these six young men went over* to Edmonds, for the purpose of giving him a whipping, and that they went for no other purpose, and if you further believe that when Sanders got in the house he became frightened and discharged the gun, killing Edmonds unintentionally, then you should not convict this defendant.

(8) If you have a reasonable doubt that defendant concurred in the killing of deceased, and had no intention of killing, or did not know that Sanders intended to kill Edmonds, then you should find defendant not guilty.

(6) When a defendant is put on trial he may go upon the stand and testify or may not, as he chooses, and you cannot infer that he is guilty because he does not go on the stand.

Isbell & Scott, of Ft. Payne, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J.   This is the companion case to that of Charles Sanders v. State, 79 South. 504,[1] the appellant here being the person whom it was agreed should carry one of the guns, and go to the back door and guard it, so as to cut off this avenue of escape from the deceased, or to prevent an outcry from members of his family. The evidence is without conflict that the gun that killed the deceased was in the hands of Sanders, and at the time it was discharged Sanders had presented it at deceased in firing position, and called on him to throw up his hands. The evidence is further without conflict that the act

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 511.

of presenting the gun by Sanders at deceased was in pursuance of the agreed plan of the conspirators, and that the purpose of this act was to coerce the party slain to surrender and submit to the proposed abuse, or prevent his resistance until he could be overcome by the superior force of the mob, and the evidence is further without conflict that the defendant was present for the purpose of aiding and abetting in the assault and battery contemplated by the conspiracy.

[1] The rule of criminal responsibility in such cases is that each of the conspirators is responsible for everything done by his confederate which follows directly or incidentally in the execution of the common design as one of its probable and natural consequences, even though it was not intended as a part of the original design or common plan. If the act of the confederate is in pursuance of the common plan of the conspirators, or is the ordinary and probable effect of the wrongful act agreed to be done, and is committed in pursuance of the common plot, all are criminally liable. Williams v. State, 81 Ala. 5, 1 South. 179, and authorities there cited; McAnally v. State, 74 Ala. 16; Martin v. State, 89 Ala. 115, 8 South. 23, 18 Am. St. Rep. 91; 5 R. C. L. p. 1063, § 4.

As was said in Williams v. State, supra: "Every man has the right to defend his house against every unlawful invasion, and to defend his person, when within it, against every and all violence without the necessity of retreat. The experience of mankind shows that very few men will fail to respond to instinct by exercising this right to the extent even of killing an assailant, if necessary. When a mob, conspiring together unlawfully, go to a man's house to do any serious violence to his person, especially in the nighttime as here, they can expect nothing else than to meet with armed opposition, and the inference is not unreasonable that they intend nothing less than to oppose force to force, in the furtherance of their design. The natural and probable consequence of this is homicide, either of one or more of the assailants or of the party thus assailed, and such homicide, when committed by any one of the conspirators, can be nothing less than murder in all who combine to commit the unlawful act of violence, especially if they be near at hand, inciting, procuring, or encouraging the furtherance of the act of assault and battery." 81 Ala. 7, 1 South. 184, 60 Am. Rep. 133.

[2, 3] The application of these principles justifies the refusal of charges 2, 3, 5, 7, and 8, requested by the defendant.

[4] The issue of insanity is one that must be presented by special plea, and no such plea was interposed. Code 1907, § 7176; Merrell v. State, 136 Ala. 44, 34 South. 208; Ward v. State, 96 Ala. 100, 11 South. 217; Williams v. State, 13 Ala. App. 133, 69 South. 376. For this reason charges 1 and 2 were well refused.

[5] Charge 6 is elliptical and argumentative.

[6] It was permissible for Mrs. Edmonds to describe the wounds inflicted by the gunshot on her husband, and to state that the holes around the large wound appeared to have been made by buckshot. Sanders v. State, 134 Ala. 74, 32 South. 654; Fuller v. State, 117 Ala. 36, 23 South. 688.

[7] The comment of the solicitor in argument to the jury touching the defendant's failure to testify as a witness, and his remarks to the court in the presence of the jury, were clearly an infringement of the statute designed to protect the defendant from unfavorable comment for failure to testify, but the only ruling of the court invoked by the defendant was favorable to him. If the defendant was not satisfied that the prejudicial results were removed by the action of the court in sustaining the objection and the withdrawal of the remarks by the solicitor, he should have requested the court to admonish the jury in respect thereto. Stone v. State, 105 Ala. 60, 17 South. 114; Cutcliff v. B. R., L. & P. Co., 148 Ala. 108, 41 South. 873.

We have examined the other questions presented, and find nothing further that warrants discussion.

Affirmed.