AARON COKELY v. STATE.

No. A-4707.   Opinion Filed Dec. 30, 1924.
(231 Pac. 330.)

Appeal from Dewey County Court; R. L. Foster, Judge.

Aaron Cokely was convicted of the manufacture of intoxicating liquor, and he appeals. Reversed.

Hoyt & Butler, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from a judgment of conviction rendered in the county court of Dewey county on the 7th day of April, 1923, wherein Aaron Cokely was adjudged guilty of the offense of manufacturing intoxicating liquor, and his punishment fixed by the jury at imprisonment in the county jail for 90 days and to pay a fine of $400. Several assignments of error are relied upon for reversal of this judgment. It will only be necessary to refer to two of them.

The first ground for reversal relied upon is that the evidence is wholly insufficient to sustain the conviction. This conviction is based upon the testimony of a self-confessed ac-

complice, and an examination of the transcript of the evidence discloses that the only corroboration of the accomplice's testimony, outside of hearsay and other incompetent evidence, is to the effect that the crime had been committed. The alleged corroborating evidence does not of itself tend to connect this defendant either directly or circumstantially with the commission of the offense. Such alleged corroboration is not sufficient to sustain the conviction. Section 2701, C. O. S. 1921; Kirk v. State, 10 Okla. Cr. 281, 135 P. 1156.

The defendant did not take the witness stand in his own behalf. Special counsel employed to prosecute in his closing argument to the jury remarked "I wish it were possible that we could have heard what the defendant had to say about the case." This remark constituted a comment upon the failure of the defendant to testify, and, under section 2698, Compiled Oklahoma Statutes 1921, is ground for a new trial.

After a consideration of the entire record, the conclusion is reached by the court that this conviction is not based upon any evidence tending to connect the defendant with the commission of the offense other than that of the self-confessed accomplice, and that the remark of special counsel, above referred to, commenting upon the failure of the defendant to testify was prejudicial to his substantial rights, and that there were other errors committed in admitting hearsay and incompetent evidence over the objection and exception of defendant.

For such reasons the judgment is reversed.