HOMER PIRTLE v. THE STATE.

No. 11804. Delivered May 23, 1928.
Rehearing granted October 31, 1928.

The opinion states the case.

*Earl M. Greer* of Wills Point, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Two officers observed appellant and one Hunter approaching from a side road, the road in which the officers were in their car. The officers had a search warrant for the search of appellant's car. When they called to said parties to stop, appellant said to his companion: "Drive like hell." Said parties started away. With a shot gun one of the officers shot the number off the car in which appellant and his companion were and they stopped. Appellant reached back, got a tow sack, and began hitting it against the fender and sides of the car. When the first officer got to them whiskey was running from the sack mentioned. The officer took some of the whiskey in his hand and tasted it. He said it was colored corn whiskey. The bottoms and tops of two jars were in the sack. The

other officer took the sack over to a house, borrowed a pan and squeezed enough whiskey in it to enable him to also taste same and say that it was whiskey. It seems to us that the contention that the evidence is not sufficient to show a transportation of whiskey, is not tenable.

Appellant also has a bill complaining of the refusal of the court to strike out the testimony of the officers upon the ground that their search of his car was not based on a legal warrant. The bill fails to set out the warrant or the affidavit on which same was issued, and left the trial court, and leaves this court with no ground for determining the illegality of such warrant, even if the question could be raised when the facts are as appear in this record.

There is a bill complaining of a statement made by the county attorney in his closing argument to the jury. It is set up that he used the following language:

"They said the State did not prove that the defendant and Hunter were partners. That is true, gentlemen, but that is peculiarly within their own knowledge. Did they deny it?"

It is stated in the bill that when this was said the county attorney was facing appellant and his counsel, and was pointing toward appellant. The objection is that this was an allusion to the failure of appellant to testify, and the court was asked to instruct the jury not to consider said argument, and it appears from the bill that he refused to so instruct them.

There is a discretion necessarily confided in the trial court who hears and sees the transaction in question. Walker v. State, 89 Texas Crim. Rep. 76. It is held that the language used by the attorney, if claimed to imply a reference to the failure of the accused to testify, must be such as that such implication necessarily arises. Jones v. State, 85 Texas Crim. Rep. 538. The statement set out seems plainly to refer to some argument theretofore made by appellant's counsel who appeared to be thus referred to by the use of the word "they" in said statement. Certainly it is not a necessary inference that any of the three "theys" used, referred to appellant or to appellant and Hunter. Nor is it a necessary inference that the words "Did they deny it," if having reference to Hunter and appellant, meant that they had not denied it at the time of this trial,— but might as easily have referred to the time of the arrest of said parties. We further note that nothing in this record suggests that Hunter has ever been charged with this offense, or was in any way incompetent as a witness at the time of this trial, or that he could

not have appeared and entered a denial of such partnership in behalf of either party who desired his testimony. We are not unmindful of the fact that it is stated in the bill that State's counsel was facing appellant and his counsel, and that he pointed at appellant when he made the remarks above mentioned. Nothing in the bill shows that at what time during said statement State's counsel pointed at appellant, and it seems to us too plain for analysis that the plural pronoun used by him in the statement set out would have to receive some kind of interpretation or construction before it could be held to apply to appellant, who was alone on trial, and that the facts stated in the bill taken together with the statement made by the State's attorney do not appear a necessary inference that he referred to appellant's · failure to testify. Mr. Vernon collates many authorities in his annotation of Art. 710 of our Code of Criminal Procedure, adhering to the rule that unless the facts amount to a necessary reference to the failure of the accused to testify, no error will be shown.

Believing none of the complaints of appellant in this case present error, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant insists that we were in error in holding that the argument of which complaint is made in Bill No. 4 was not a comment upon the failure of the appellant to testify. From the bill we quote:

"The County Attorney in his closing argument to the jury, in discussing or explaining why the State had not more closely connected defendant and Charley Hunter or shown any relation of partnership between them, said: 'They said the State did not prove that the defendant and Hunter were partners. That is true. Gentlemen, but that is peculiarly within their own knowledge. Did they deny it?' while (at) the same time facing the defendant and his counsel and pointing toward the defendant, *which said argument of counsel for the State was an allusion to the failure of defendant to testify* in his behalf and called the jury's attention to the fact that he had not testified, to which argument the defendant then and there in open court excepted and to which exception the Court cautioned the County Attorney to stay in the record, whereupon defendant then and there moved the Court to instruct the jury not to consider the said argument for its purpose, which said motion was by the Court overruled, to which defendant then and there in open court excepted and now presents this his Bill of Exceptions No. 4."

Upon reflection we are unable to regard the remarks as other than an allusion to the failure of the defendant to testify in his own behalf. The bill of exceptions, approved by the trial court, seems to be susceptible of no other interpretation. In the statute it is specifically declared that the failure of any defendant to testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented upon by counsel in the cause. Art. 710, C. C. P., 1925. Instances in which it has been found necessary to reverse a judgment for the violation of the mandate of this statute are numerous. Among them are cases in which, like the present, the comment or allusion consisted in calling the attention of the jury to the fact that certain testimony had been given and that the accused had not denied it. See Flores v. State, 60 Tex. Crim. Rep. 25; Williams v. State, 66 Tex. Crim. Rep. 254; Vickers v. State, 69 Tex. Crim. Rep. 628; Adams v. State, 87 Tex. Crim. Rep. 67; Singleton v. State, 93 Tex. Crim. Rep. 109; Hext v. State, 100 Tex. Crim. Rep. 24; Heeter v. State, 103 Tex. Crim. Rep. 399; Robertson v. State, 104 Tex. Crim. Rep. 85; Hobbs v. State, 104 Tex. Crim. Rep. 476; Boles v. State, 5 S. W. (2d) 509.

Because of the improper remarks of counsel, this court feels constrained to grant the motion for rehearing, to set aside the judgment of affirmance, and to order that the judgment of the trial court be reversed and the cause remanded for another trial. It is so ordered.

*Reversed and remanded.*