(117 So. 398)
### CANADA v. STATE. (7 Div. 418.)

Court of Appeals of Alabama. June 12, 1928.

Merrill & Field, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Section 5632 of the Code of 1923 provides that:

"On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

In this case, appellant was a witness in his own behalf. The state was allowed, however, over his objection, to elicit from him the admission that upon his trial for the same offense in the county court, from whence by appeal the case was brought to the circuit court, he *did not* testify as a witness in his own behalf. And the solicitor was allowed, despite appellant's objection and motion to exclude, to state in his argument to the jury:

"The defendant did not offer any testimony on the stand in the county court."

Some other questions were allowed to be put to appellant, over due objection, the purpose of which was to bring out answers that accentuated the fact that appellant did not take the stand as a witness in his own behalf upon his trial for the same offense in the county court. Proper exceptions were reserved to all the rulings above referred to, and all of them seem to us, and we so hold, to be in contravention of the terms of the statute quoted at the beginning of this opinion, and prejudicially erroneous. May v. State, 209 Ala. 72, 95 So. 279; Fred Taylor v. State, ante, p. 428, 116 So. 415.

For these errors, the judgment must be reversed and the cause remanded.

Reversed and remanded.