HENRY PARNELL v. THE STATE.

No. 13146. Delivered March 19, 1930.

Reinstated April 23, 1930.

Reported in 27 S. W. (2d) 192.

The opinion states the case.

A. *Milton Vance* of Houston, and *W. W. Heath* of Anderson, for appellant.

A. A. Dawson, State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of fifteen years.

The State's motion to dismiss the appeal must be sustained. The recognizance states that the appellant was "accused" of the offense of murder. The statute authorizing an appeal requires that the recognizance show that he was "convicted" of a felony. See Art. 817, C. C. P., 1925; Wilmering v. State, 100 Tex. Cr. R. 169. When the appellant is at liberty, the jurisdiction of this court to pass upon the merits of the appeal can be invoked alone by a recognizance such as prescribed by Art. 817, or by a bond as prescribed in Art. 818, C. C. P.

For the reasons stated the appeal is dismissed. The appeal may be reinstated by compliance with Art. 835, C. C. P., within fifteen days from this date.

*Dismissed.*

APPEAL REINSTATED.

MARTIN, Judge.—The defect in the record for which this case has heretofore been dismissed having been corrected, the appeal is reinstated and the case will be considered on its merits.

Appellant boarded at the home of deceased. Some controversy arose about the use of appellant's car. Deceased left the dining room to go to the kitchen after spoons. The shooting occurred in the kitchen in the presence of Israel Hoyle, a negro boy. The State introduced the wife and step-daughter of deceased together with Henry Kelly, who testified to hearing the shots and to seeing deceased run out of the kitchen with spoons in his hands. Neither of these saw the actual shooting or what occurred immediately prior to the shooting. Appellant introduced the negro boy who testified that deceased was going onto appellant with a butcher knife at the time of and prior to the shooting.

Bill of Exception No. 2 shows that the District Attorney in argument to the jury used the following language: "The little negro boy testified for the defendant that he saw the deceased coming upon the defendant with a butcher knife in his hand, if that be true then why has no one else testified to it?" This was objected to when made as an indirect reference to appellant's failure to testi-

fy. The bill certifies that appellant did not testify and further that "the uncontradicted evidence in the case shows that the negro boy spoken of, the deceased, and the defendant were the only persons in a position to have seen the deceased coming upon the defendant with the butcher knife in his hand or to have or could have testified to the same." The Court refused to instruct the jury not to consider the above statement, to which the appellant excepted. The contents of the bill seem to disclose all that it necessary to make manifest the error complained of and appears to comply with the rule laid down in 4 Tex. Jur., Paragraph 264, relating to the form of bills of exception presenting such matters. The bill is attempted to be contradicted by the affidavit of the District Attorney filed with the motion for new trial. We are bound by the recitals of the bill as certified to by the trial court. Such a bill cannot be impeached or contradicted by affidavits. 4 Tex. Jur., Paragraph 329. Under the recitals of this bill we think that the implication is a necessary one that the language referred to the appellant's failure to testify and constitutes reversible error under the authorities. Branch's P. C., Sec. 374; Dawson v. State, 24 S. W. 414; Brazell v. State, 33 Tex. Crim. Rep. 334; Hanna v. State, 79 S. W. 544; Vickers v. State, 154 S. W. 578; Deary v. State, 62 Tex. Crim. Rep. 352.

Other errors assigned are either of the character not likely to again occur or are such as are deemed to be without merit.

For the error above discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.