53 So.2d 575

**ROBERTSON v. STATE.**

6 Div. 175.

Court of Appeals of Alabama.
May 29, 1951.

Rehearing Denied June 12, 1951.

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of grand larceny.

No evidence was offered by the defense in the trial below.

During the argument of the Assistant Solicitor to the jury the record discloses the following:

"Mr. Bealle: * * * He was seen within the yard close to that truck. Gentlemen, that puts some duty on the defendant to explain his presence there.

"Mr. Woods: I object to that, and move to exclude it.

"Mr. Bealle: The defendant has not shown any evidence here—

"Mr. Woods: Just a minute. Your Honor, I object to that and move to exclude it.

"The Court: I will overrule.

"Mr. Woods: We except; on the ground the defendant hasn't got any burden to go on the stand.

"The Court: As a matter of law, I don't think the defendant has the burden on him. That is not the law.

"Mr. Bealle: He doesn't have a legal duty, but—

"The Court: I sustain the objection. Of course, I will charge the jury later on that.

"Mr. Bealle: Yes, sir.

"The Court: I will say, gentlemen, just being close to the car does not put the burden on the defendant to prove that he did not get it; and that is what he is objecting to. Go ahead.

■■■■ Appellant's counsel asserts that the above argument was a comment by the prosecuting officer on the defendant's failure to testify. The Attorney General in his brief argues that it was a "comment merely on the defendant's failure to meet the burden of proof."

We do not follow the argument of the Attorney General, since it is elemental that every person accused of crime is presumed innocent, and the burden is upon the State to show his guilt beyond a reasonable doubt, and no burden rests on an accused to establish his innocence, or to disprove facts necessary to establish the offense charged. See Ala.Dig., Crim.Law, ☞327 for enumerable authorities.

Regardless, it is our opinion that the Solicitor's statements, taken as a whole, can rationally be construed only as a comment on this appellant's failure to testify. The authorities compelling this view have been gathered in the opinion by Carr, J., in Everage v. State, 33 Ala.App. 291, 33 So.2d 23, and we see no reason for elaborating upon the discussion to be found therein.

Prior to 23 June 1949, Section 305, Title 15, Code of Alabama 1940 read: "On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

By an Act approved 23 June 1949, Gen. Acts of Alabama, 1949, p. 150, Section 305, Title 15, pocket parts, Code of Alabama 1940, Section 305, supra, was amended by adding the following sentence: "If the solicitor or other prosecuting attorney makes any comment concerning the defendant's failure to testify, a new trial *must* be granted on motion filed within thirty days from entry of the judgment." (Emphasis ours.)

Prior to this amendment a reversal of a case was sometimes denied because of the Solicitor's comment on the defendant's failure to testify, where the trial court sustained an objection to such comment, and promptly, appropriately, and vigorously instructed the jury as to the impropriety of such remarks. Gable v. State, 245 Ala. 53, 15 So.2d 600; Troup v. State, 32 Ala.App. 309, 26 So.2d 611.

■■■ It is apparent that by the 1949 amendment, supra, it was the intent of the legislature to remove from the operation of the principle of "error without injury" the improper comment by a Solicitor relative to a defendant's failure to testify. Such comment is now an absolute ground for the granting of a motion for a new trial.

One of the grounds assigned as error by appellant in his motion for a new trial was the action of the Solicitor in commenting on his failure to testify. In view of this, and the now mandatory provisions of Section 305, supra, the lower court erred in denying defendant's motion for a new trial.

Reversed and remanded.