81 So.2d 897

**Carl WELCH**

v.

**STATE.**

**5 Div. 450.**

Court of Appeals of Alabama.

Dec. 7, 1954.

Rehearing Denied Dec. 28, 1954.

Affirmed on Mandate Aug. 9, 1955.

McKee & Maye, Opelika, for appellant.

Si Garrett, Atty. Gen., Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

240

CARR, Presiding Judge.

The appellant was indicted and convicted for transporting five gallons or more of prohibited liquors. Title 29, Sec. 187, Code 1940.

The record presents only two questions which merit any response on this review.

The appellant's attorney excepted to the failure of the trial judge to orally charge the jury that the offense of possessing prohibited liquor was included in the indictment. He also orally requested the court to do so.

We will pretermit any decision on the merits of the position had the question been properly presented.

██ Merely reserving an exception to the court's failure to charge as indicated presents nothing for our review. Long v. State, 24 Ala.App. 571, 139 So. 113; Jarrell v. State, 251 Ala. 50, 36 So.2d 336.

██ Neither was the oral request sufficient to present the question. Appellant's remedy was to tender an applicable written charge and urge error here on the action of the court in refusing it. Brock v. State, 235 Ala. 304, 178 So. 548; Davis v. State, 246 Ala. 101, 19 So.2d 358.

The defendant did not testify in the case nor introduce any evidence otherwise.

In his argument to the jury the prosecuting officer stated that "he had a good case and the defense had not offered any evidence."

Our task is to decide whether or not this was a comment on the defendant's failure to testify in violation of the provisions of Title 15, Sec. 305, Code 1940:

"On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such a request shall not create any presumption against him, nor be the subject of comment by counsel."

A review of the authorities in the jurisdictions where this statute is in effect clearly indicates a purpose and directive on the part of the appellate courts to strictly enforce the rights given an accused under this law.

The legislature in our state amended the section in our code by General Acts 1949, page 150. The attempt was here made to enlarge the benefits and protective provisions of the statute. The amendment was declared unconstitutional in Broadway v. State, 257 Ala. 414, 60 So.2d 701.

53 Am.Jur., Trial, Sec. 471, pp. 376, 377, makes the following observation:

"The rule forbidding counsel in argument to the jury in a criminal case to comment upon the failure of the defendant to testify is not limited to philippics against him, but extends to any mention of such failure, since indirect and covert references to the neglect of the defendant to take the witness stand may be as prejudicial to his rights as a direct comment upon such neglect. * * * The true test is whether the reference was intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify."

In the case of Canada v. State, 22 Ala. App. 495, 117 So. 398, this court held that in a criminal prosecution in the circuit court on appeal from the county court it was in violation of the statute of concern for the solicitor to comment in argument on defendant's failure to testify in the county court.

These authorities reflect the mind of the courts relating to the purpose of the statute and its effective application.

The writer authored the opinion in the case of Everage v. State, 33 Ala.App. 291, 33 So.2d 23, 24. The statement of concern there was: " 'Gentlemen of the jury, there is not much to this case. The defendant offers no testimony here but character testimony.' "

I cited a number of authorities which we thought were persuasive of our view and concluded that the statement was in violation of the statute.

We will not labor this opinion with a recitation of these cases, but will discuss some that were omitted and some that have been reviewed by our appellate courts since the Everage case was handed down.

In the case of Matthews v. State, 16 Ala. App. 514, 79 So. 507, according to the original record the solicitor made this statement: "Mr. Isbell said, he did not know whether this man was at the back door or not, and I say in answer to that, why didn't you ask him?"

In Watkins v. State, 21 Ala.App. 585, 111 So. 43, the statement was: "The defendant did not go on the stand to explain where he got the horse."

In Curlette v. State, 25 Ala.App. 179, 142 So. 775, the solicitor asserted: "There isn't any testimony here, he just threw up his hands here and quit, he didn't have any testimony here that he could deny it."

In each of these three cases this court observed that the statement was in effect a comment on the defendant's failure to testify, but did not declare reversible error because the court sustained the objection and instructed the jury in a manner to protect the rights of the defendant.

In the early case of Stone v. State, 105 Ala. 60, 17 So. 114, 115, the record discloses: "'In the course of his argument the solicitor said to the jury: "He don't say he didn't do it," whereupon the defendant excepted to this language. The court told the solicitor he should not comment on the failure of the defendant to testify, and the solicitor replied: "I have not commented on his not testifying, nor shall I; but that he offers no proof to rebut that offered by the state, sitting here holding his mouth."'"

In response to the review the court said: "We construe both the remarks shown by the bill of exceptions to have been made by the solicitor to be within the inhibition of the statute."

In Harris v. State, 33 Ala.App. 623, 36 So.2d 254, 255, the prosecuting officer made the following statements: "'He took the truck down there and wanted to see about Clyde Jeffreys, but he don't want you to be informed on that.' * * * 'We asked him in court and he hasn't explained it.'"

We held that the assertions taken together were in effect a comment on the defendant's failure to testify. We gave special emphasis to the last quoted excerpt.

In Robertson v. State, 36 Ala.App. 117, 53 So.2d 575, the solicitor stated: "'He was seen within the yard close to that truck. Gentlemen, that puts some duty on the defendant to explain his presence there.'"

The assistant attorney general argued in brief that this was not within the inhibition of the statute, but was "a comment merely on the defendant's failure to meet the burden of proof."

We were not in accord with this position and ordered a reversal on the action of the court in overruling the objections.

In the case of Broadway v. State, 36 Ala.App. 542, 60 So.2d 697, 698, we had under review the propriety of this statement: "'Mr. Smith criticizes our witnesses in this case, but Mr. Smith has not given us any witnesses to criticize.'"

We held that this was in effect a comment on the defendant's failure to testify.

As we have pointed out herein above, on certiorari, the Supreme Court declared that the amendment to the statute was unconstitutional. The reversal of this court rested solely on this basis.

In the recent case of Davis v. State, 259 Ala. 212, 66 So.2d 714, 717, the record shows the following:

"'(During the course of Mr. Downing's argument to the jury the following occurred [for the State]):

"'Mr. Redden: Your Honor, we object to the statement by Mr. Downing that the defendant put no testimony on the stand.

"'The Court: Sustained.

" 'Mr. Redden: Move that the court exclude from the jury his argument about defendant not testifying.

" 'The Court: Yes, gentlemen, don't consider any argument made as to the failure or refusal of the defendant to testify, or any witness in his behalf.' "

The Supreme Court held in effect that by sustaining the objections and instructing the jury the court ruled with the position of the appellant and in the state of the record no reversible error should be predicated.

Justice Foster, writing for the court, did not specifically declare that the statement was within the inhibition of the statute. We are impressed, however, that his approach to the review and the tenor of the opinion indicate that he did entertain this view. Of course, we could be mistaken in this interpretation.

In the following out-of-state cases the quoted statements were held to violate the rule.

Jackson v. People, 18 Ill.App. 508: "Gentlemen, the law prohibits our commenting upon the fact that the defendant did not take the stand. * * * I say the law forbids our commenting upon the fact that the defendant did not take the stand in this case. I say, I have no right to say anything about that."

In People v. Shader, 326 Ill. 145, 157 N. E. 225, 232, the defendants were charged with murder, and only two took the stand to testify in their own behalf. The court held that the argument of the state's attorney to the jury that " 'the only defendants to take the stand, and I am not commenting on those that did not, because the jury has no right to infer,' " and " 'the defendants do not deny their guilt,' " was improper and in violation of the statute that forbids any comment on a defendant's failure to testify.

Long v. State, 56 Ind. 182: "It is true, gentlemen of the jury, the evidence in this case is not as clear as it might be. There were but two parties to this transaction. You have heard the evidence of one of them. We would have been pleased to have heard from the other, to see what light he could have thrown upon this transaction."

State v. Nicola, 169 Iowa 171, 151 N.W. 70, 73: " 'There is another thing in this case that the defendant has not denied, and that is the writing of the letter to his brother on the day on which he killed his father.' "

State v. Walker, 192 Iowa 823, 185 N.W. 619, 626: " 'Defendant by his own lips admitted he went to Ft. Dodge with Gaddis, Sigler, Spangle, and Kessler on that night. No one has denied this.' "

State v. Leib, 198 Iowa 1315, 201 N.W. 29, 32: " 'Conclusively, this man killed John Kirkpatrick and he says that he did. He don't deny it. He struck him over the head with that gun barrel, and he don't deny it, and he took three inches off the base of the skull.' "

Boggs v. Com., Ky., 128 S.W. 73, 74: " 'There is a thing to please Bogg's credit. He did not swear a lie. All men guilty of selling whisky are not that way. I say that it is to his credit that he did not tell any lie about it.' "

People v. Cahill, 147 Mich. 201, 110 N.W. 520, 521: " 'The defendant has not taken the stand * * * and he does not need to if he don't want to.' "

State v. Drummins, 274 Mo. 632, 204 S. W. 271, 275: " 'The defendant has not stated anything in the case.' "

Cokely v. State, 28 Okl.Cr. 431, 231 P. 330: " 'I wish it were possible that we could have heard what the defendant had to say about the case.' "

In Schrader v. State, 40 Okl.Cr. 261, 268 P. 325, 326, it appeared that, while the prosecutor was examining a witness for the state concerning her knowledge of certain facts, the attorney for the defendant objected to the questions, whereupon the prosecutor made the following statement: " 'Defendant can go on the stand and testify to that.' "

Commonwealth v. Green, 233 Pa. 291, 82 A. 250, 251: " 'There is no one on earth who can tell how these things came into the possession of the prisoner but the prisoner.' "

Brazell v. State, 33 Tex.Cr.R. 333, 26 S. W. 723: " 'Now, where does he say he was if he was not there?' "

Washington v. State, Tex.Cr.App., 77 S. W. 810, 811: " ' 'I have proved he was seen jumping out of the window, I have proved he was there, and where is his proof that he was not? Who has testified that he was not?" ' "

Anglin v. State, 47 Tex.Cr.R. 109, 80 S.W. 370: " 'Mr. Hart was right in saying that you could not consider the failure of the defendant to testify in his own behalf in this case. Under the law, he cannot be made to testify. It is a valuable right, which I am not allowed to discuss; but I can ask you the question, why has he not secured others to testify in his behalf? * * * This he has not done.' "

Baughman v. State, 49 Tex.Cr.R. 33, 90 S.W. 166: " 'Go back to the defendant's testimony in this case, and see if you can find where the sale [of intoxicating liquor] has been denied.' * * * 'Who knows better whether or not he sold Tucker the whisky?' "

Wilcock v. State, 64 Tex.Cr.R. 1, 141 S. W. 88: " 'The defendant's defense in this case is—Although he has offered no testimony to that effect, I do not mean to refer to his failure to testify.' * * * 'I have not referred to defendant's failure to testify. On the contrary, I stated to the jury that I did not so mean to refer to that fact.' "

Parnell v. State, 115 Tex.Cr.R. 507, 27 S.W.2d 192, 193: " 'The little negro boy testified for the defendant that he saw the deceased coming upon the defendant with a butcher knife in his hand, if that be true then why has no one else testified to it?' "

Pirtle v. State, 110 Tex.Cr.R. 395, 10 S. W.2d 564: " 'They said the State did not prove that the defendant and Hunter were partners. That is true, gentlemen, but that is peculiarly within their own knowledge. Did they deny it?' "

State v. Costa, 101 W.Va. 466, 132 S.E. 869, 870: " 'He (the accused) does not explain by his own testimony, or by any other means, these facts and circumstances.' "

In the case of Yarbrough v. State, 70 Miss. 593, 12 So. 551, in reviewing the question of instant concern the Mississippi Supreme Court observed: "The word 'comment,' as employed in the statute, does not mean to criticize or condemn or anathematize the accused, or his failure to testify. It forbids, in unmistakable language, any comment, friendly or unfriendly. It forbids any remark, of any character, in any words, upon the failure of the accused to testify. The attention of the jury is not to be called to the fact at all by counsel."

In the case at bar when the prosecuting officer made the statement of instant concern, the court overruled the objection and stated: "I don't think that is directly commenting on the fact that the defendant did not testify. If I thought so, I would certainly sustain your motion."

The accused was alone in the automobile at the time of his arrest. His defense, therefore, was dependent on his own account of the circumstances incident to the charged offense. It is not likely that the jury placed any interpretation on the statement of the attorney other than that the defendant by his own testimony did not supply the evidence for his defense.

It has not been an easy task for us to decide this question. We have given considerable thought and study to the matter, and we are unable to escape the conclusion that the assertion of instant concern comes within the inhibition of the statute, and we so hold.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Welch v. State, 263 Ala. 57, 81 So.2d 901.