155 So.2d 533

### E. H. HODGES

v.

### STATE.

**3 Div. 127.**

Court of Appeals of Alabama.

June 28, 1963.

**148**

—◆—

Henry J. Harper, Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of a violation of Title 14, Sec. 234(4), the "bad check" law.

■ During his oral charge the court read to the jury, Section 234(5), which provides that the refusal of the drawee bank to pay the check shall be prima facie evidence of intent to defraud, and of knowledge of insufficient funds.

The court then instructed the jury as follows:

"Prima Facie, as defined in layman's terms, in this particular case, means nothing more than that is, of itself, sufficient proof to carry the burden that is placed upon the State, the burden of proving beyond a reasonable doubt. Then the burden shifts to the Defendant, once a prima facie case has been made out, as far as the law of the State of Alabama defines it, and the burden is on the Defendant to carry the burden forward of contradicting or reburring (sic) this prima facie presumption."

Counsel duly reserved an exception to this portion of the oral charge.

■ The court's charge was an incorrect statement of the law. In Segars v. State, 86 Ala. 59, 5 So. 558, the court said:

"* * * In a criminal case, a prima facie case of guilt does not generally rebut the presumption of innocence, or shift the burden of proof."

See also, Wilson v. State, 20 Ala.App. 62, 100 So. 914; Slayton v. State, 27 Ala. App. 422, 173 So. 632; Woodall v. State, 29 Ala.App. 75, 191 So. 407.

■ As was said in Robertson v. State, 36 Ala.App. 117, 53 So.2d 575:

"* * * it is elemental that every person accused of crime is presumed innocent, and the burden is upon the State to show his guilt beyond a reasonable doubt, and no burden rests on an accused to establish his innocence, or to disprove facts necessary to establish the offense charged. See Ala.Dig., Crim.Law, ☜327 for enumerable authorities."

Since the judgment must be reversed because of the error pointed out herein, we pretermit consideration of other points argued in appellant's brief. They are not likely to arise in the event of another trial.

Reversed and remanded.

CATES, J., not sitting.