ED SINGLETON v. THE STATE.

No. 6757. Decided December 13, 1922.

**1.—Burglary—Defendant's Failure to Testify—Argument of Counsel.**

Where, upon trial of burglary, the district attorney in his argument said, "This defendant was in that car that night himself, driving up and down that prairie in the dead hours of midnight; he was driving that car, gentlemen of the jury, and it is undisputed that he was doing it; no, nobody denies that he was doing this," under the facts of the instant case the defendant not testifying, although no charge was requested to withdraw the language, it appearing that during the argument defendant's attorney stated orally to the court that they excepted to certain argument the same is reversible error; following Boone v. State, 90 Texas. Crim. Rep., 374, 235 S. W. Rep., 580.

2.—Same—Misconduct of the Jury—Defendant's Failure to Testify.

Where the record showed that one of the jurors stated to his fellows that after defendant's guilt had been agreed upon, while the jury was considering suspended sentence, that the failure of defendant to take the witness stand was a bad sign, and taken in connection with the improper argument, was reversible error. Following Young v. State, 243 S. W. Rep., 472, and other cases.

Appeal from the District Court of Franklin. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dial, Melson, Davidson & Brim,* for appellant. On question of argument of counsel, Jemison, et al., v. State, 184 S. W. Rep., 807.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for burglary with punishment assessed at two years confinement in the penitentiary.

It was contended by the State that appellant and one Jim Beagle burglarized the store in question. It was in evidence from a number of witnesses that an automobile containing two men was seen to be going toward the point where the store was situated and returning therefrom upon the night the burglary occurred. The car was traced by peculiar marks on the rear casings. The witnesses who saw the car passing upon the road identified appellant as one of the men and as the driver of the car. Some witnesses heard him speak and identified him by his voice, as well as claiming to recognize him. Others testified that to the best of their knowledge appellant was the man who was driving. Appellant introduced one witness who claimed that on the night of the burglary he had seen appellant drunk and in an unconscious condition at a time and place which, if true, left it doubtful as to whether he could have been the man who was driving the car in question and of his participation in the burglary. No witness was produced by appellant who claims to have seen the two men driving the car who disputed the identify of appellant as one of the parties. Appellant did not testify himself, and Jim Beagle was a fugitive from justice also under indictment for the same burglary. In this state of the record complaint is made that the attorney representing the State violated Article 790 C. C. P. which is a mandatory direction that the failure of any defendant to testify shall not be alluded to or commented on by attorneys. The language complained of is as follows:

"This defendant was in that car that night himself, driving up and down that prairie in the dead hours of midnight; he was driving that car, gentlemen of the jury, and it is undisputed that he was doing it, no, nobody denies that he was doing this."

The only qualification to the bill is to the effect that the speech of the district attorney was reported by the court reporter; that during the argument some one of appellant's attorneys stated to the trial judge that they excepted to certain argument, claiming that it was a reference to appellant's failure to testify, but that no charge was requested withdrawing the language from the consideration of the jury. The judge says if his attention had been called to any argument either directly or indirectly referring to appellant's failure to testify and a special charge had been requested he would have submitted the same to the jury. It will be observed that the qualification does not undertake to in any way modify the language complained of, but does show unquestionably that an objection was made to the argument at the time. We have held in many cases that certain statements in argument or certain evidence may be withdrawn and the error thereby remedied. There are other statements and evidence of such manifest harmful character that a withdrawal cannot cure the hurt. In Boone v. State, 90 Texas Crim. Rep., 374, 235 S. W. Rep., 580, the question now before us was considered at length and many authorities cited and the correct rule, we think, stated in the following language:

"The statute is not shown to have been infringed, however, by disclosing that counsel, in argument, used language which *might* be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a *necessary one;* that is, one that cannot reasonably be applied to the failure of the accused to produce *other* testimony than his *own.* Where there is other evidence, or the absence of other evidence, to which remarks may reasonably have been applied by the jury, the statute is not transgressed."

Was the language complained of in the instant case referrable to the failure of appellant to call any witness disclosed by the record to have been in a position to have denied appellant's presence in the car? We have carefully examined the statement of facts and have been unable to discover any witness to whom State's attorney could have had reference. The State had shown by numerous witnesses that appellant and Beagle were the only occupants of the car. Beagle was under indictment and a fugitive from justice. It is not disclosed by this record that there was any one who could have denied that appellant was driving up and down the road in the car save appellant himself. This forces us to the conclusion that the argument falls clearly within the rule heretofore quoted from the Boone case. It of necessity referred to the failure of appellant himself to take the witness stand and the jury could have drawn no other inference therefrom.

As frequently happens when improper argument of this kind creeps into the record the harm does not stop there. Misconduct of the jury is assigned for having taken the failure of appellant to testify as a circumstance against him. The assignment is supported by the testimony of one juror to the effect that after appellant's guilt had been

agreed upon and while the jury was considering the issue of suspended sentence some juror remarked that the failure of appellant to take the witness stand was a bad sign. No other juror was called by the State to dispute this evidence. If this stood alone we might be justified in considering it as a mere mention of the fact of appellant's failure to testify, but when taken in connection with the improper argument, we are forced to the conclusion that the argument was harmful to the accused outside of being a violation of a mandatory provision of the statute. (See authorities collated in the Boone case (supra) and also those referred to in Moore v. State, 91 Texas Crim Rep., 100, 237 S. W. Rep., 938 and· Young v. State, 92 Texas Crim Rep., 277, 243 S. W. Rep., 472. The two latter cases are very much in point with the one now under discussion.)

We regret exceedingly the necessity of reversing cases because of improper argument, but believe the rule laid down in the Boone case as liberal to the State as can possibly be followed without an entire disregard of the ·requirements of Article 790, C. C. P. Until the Legislature in its wisdom sees˙ proper to repeal that article this court is without authority to do so, and must enforce it as an expression of the will of the people through the Legislature placing limitations upon argument where an accused upon trial sees proper not to testify in his own behalf. As to whether the provision of the law under consideration is a wise one or not is a matter with which we can not be concerned in our judicial capacity.

A number of other questions are presented in the record, but they will not likely arise in the same way upon another trial, and for˙ that reason we do not discuss them.

For the errors pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*