BOB LEE SMITH v. THE STATE.

No. 7913.   Decided October 8, 1924.

Rehearing denied November 12, 1924.

1.—Manufacturing Intoxicating Liquors—Indictment—Several Counts—Approved.

It is commendable practise to insert a number of counts in the indictment, in order to meet the proof; also that it is safer for the trial court to select the count that is most strongly supported by the testimony and submit it to the jury.

2.—Same—Circumstantial Evidence—Latitude Allowed.

Appellant complains in numerous bills of exceptions to admission of certain facts, tending to show his connection with the still discovered by the officers on the father's farm, and his flight from the scene. Where the state relies on circumstance to convict, broad latitude should be permitted, and every fact and circumstance calculated to throw light on the issue, of a material character, should be indulged by the trial court, and objections to such testimony as a rule, go to its weight rather than its admissibility. We find no error in the admission of evidence in this case.

**3.—Same—Argument of Counsel—Failure of Defendant to Testify—Reference to.**

We do not believe that the argument of state's attorney in this case impinged upon the rule forbidding reference to the failure of accused to testify. His failure to show his whereabouts was a circumstance, and to refer to such failure in the argument, was legitimate and proper, and were comments on his failure to produce other testimony on the issue.

Appeal from the District Court of Falls County. Tried below before the Hon. Prentice Oltorf, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*Nat. Llewellyn,* and *Frank Oltorf,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Falls County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant was twenty-eight years of age but lived with his father who had a farm and pasture between Marlin and Kosse, not far from the latter town. Officers raided the place on Sunday morning. They heard a car crank and start from a point in the pasture and saw two men running toward a barn near the dwelling house. A Ford, with a little truck body emerged from the woods and drove rapidly toward the barn. All the officers agree that it was driven by appellant, and that when it got to the barn it stopped and appellant jumped from it, ran and threw something in the barn and then hastened back to the car. The two men who were running from the scene of the still were identified as the Johnsons and it appears that they are fugitives from justice and have not been arrested. The three men got in the Ford and drove rapidly away on the road toward Kosse. After some investigation at the still the officers followed and at a steel bridge about a mile from appellant's home on the road to Kosse they found where car tracks had turned out of the road and near this place a sack of meal, a sack of malt and several jars and also a broken five-gallon glass jug which smelled of whisky,—were found. Going on to Kosse and about an hour after the raid appellant was found at the police station in said town. He was taken into custody by the officers.

We have no doubt as to the sufficiency of the testimony though circumstantial. Appellant's presence, his flight, his purchase of material for making mash and also of a metal container to hold the still; and the finding of the finished product near the still, all are deemed sufficient basis for the conclusion of guilt.

We think it commendable practice to insert a number of counts in the indictment in order to meet the proof; also that it is safer for the trial court to select that count most strongly supported by the testimony and submit it as was done in this case. The indictment was not open to the objections made.

We cannot agree that it was erroneous to allow the State to prove the finding of the broken whisky jug by the side of the road over which the Ford truck had recently driven after its hasty departure from the scene of the still. That no one saw appellant throw the jug where it was found would go to the weight of that fact as a circumstance and not to its admissibility. This reasoning applies also to the bill of exceptions complaining of the testimony that appellant was seen the day before the raid in Marlin with a substance on his boots which witness took to be mash.

Bill of exceptions No. 9 complains of the fact that the father of the accused was forced to testify on cross-examination that he had talked to appellant about making whisky, had lectured him. The bill does not state that the father testified that he lectured appellant about making whisky,—and turning to the statement of facts we observe that apparently the witness was asked if he had not lectured appellant, and his reply was that he "lectured him,—he had lectured all of his children." The statement of facts also evidences repeated denials by the father of the fact that he had ever talked to appellant about making whisky. If, however, he had, and if we accepted the statements of the bill as controlling, we do not think the matter materially erroneous. No setting or connection pertinent to said testimony appears, and the matter may have been referred to or asked about as leading up to some other question entirely permissible.

The finding near the still of a fruit jar containing a quantity of whisky was also a circumstance admissible in evidence. Car tracks went near the spot where the jar was found in a fallen tree top. The special charges' refused were in substance the same as those given, or were covered by the main charge.

Three bills evidence complaint of argument by the State's attorney said to impinge the rule forbidding reference to the failure of the accused to testify. Observing the facts we note that the officers swore that appellant drove the car from the still to the barn near his home, and from this point with the Johnsons in the car drove away on the road toward Kosse. Appellant's mother and brother who were at the house at the time and saw the car come by the barn and go off toward Kosse, swore that they did not know who the parties were in the car; they could not tell if appellant was one of them or not. As above stated, the raid took place on Sunday morning and appellant's mother testified that he ate breakfast at home that morning and then left the house and she had not seen him up to the time of

the raid. She also swore that they had a Ford with a little truck body on it. There was no dispute of the fact that about an hour after the raid the officers took appellant in custody at the police station in Kosse. In this condition of the record we do not think argument to the effect that appellant could but did not prove where he was on that morning if he was not one of the parties at the still and who left in the car,—constitutes reference to appellant's failure to testify. He was at home that morning near the still. He was in Kosse, a town of some size, that same morning when the officers found him. Nothing suggests that in the interim he was alone, and that no testimony save his own could have accounted for his whereabouts. We think Boone v. State, 235 S. W. Rep., 580 and Singleton v. State, 245 S. W. Rep., 922, and the other authorities cited by appellant, are against his position. The defense asserted that the officers were mistaken in saying that appellant was one of the parties in the Ford truck which left the place where the still was found. If so, the question would arise as to where he was. There being no dispute of the fact that he was at Kosse when found by the officers, it would appear reasonable that if he was in said town at the time the officers were at the still he could have produced some one to so swear. As we take it, the arguments made were comments on the failure to produce other testimony and were not necessarily references to the failure of the appellant to testify.

The judgment will be affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, JUDGE.—Appellant files a lengthy and ingenious motion for rehearing urging that the State's case fails because it is not shown that the liquor found by the officers on the occasion of the finding of the still and the arrest of appellant, was spirituous liquor. We regret our inability to agree with the contention. In addition to the fruit jar containing whisky which was found a short distance from the still in the boiler of which was mash and under it was a fire, from which vapor was rising because of the apparent removal of the top; and in addition to the broken glass jug found a few feet from the route taken by appellant and his companions when they fled from the scene, which glass jug manifested the odor of whisky; in addition to the fact that an analysis of the contents of the still showed same to contain alcohol in excess of 8 per cent by volume, and that the contents of the fruit jar mentioned contained 35 per cent alcohol by volume,—we might observe that it was in evidence that appellant fled in his shirt sleeves, and that near the still was found a blue serge coat in the pocket of which was a day book containing

some interesting memoranda regarding meal, chops, sugar, corn malt, whisky, etc. It was noted in the original opinion that appellant's two companions in his flight were the Johnsons. Among the entries in said day book were the following: "Spheres got 10½ whisky; Briggs got 8 gallon of whisky; Johnson got 2 gallon whisky. * * * First meal 25 sacks mashed in; second, 26 sacks, 24 mashed in; 2 bushels corn malt, $1.50; 51 sacks meal at 60 cents sack, $30.60; 300 barley malt, $7.40; 8 sacks sugar, $72.00; * * * Whisky 6½— 7½—10½=24½. Paid to Johnson $.50—$1.50—$1.00—$18.00— $24.00—$3.00=$48.00. That the facts show beyond doubt the manufacture of spirituous liquor containing alcohol in excess of one per cent by volume seems so clear as not to need argument. We do not agree with appellant's contention regarding the charges discussed. The case was submitted on the law of circumstantial evidence and we deem the verdict fully supported by the facts.

The motion for rehearing will be overruled.

*Overruled.*