190 So.2d 556

Alton T. WILLIAMS

v.

STATE.

8 Div. 50.

Court of Appeals of Alabama.

Sept. 20, 1966.

344

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

Andy Hamlet, Jr., Scottsboro, for appellant.

CATES, Judge.

This appeal from a conviction of grand larceny came on for submission March 24, 1966.

By true bill the Grand Jury accused Williams of stealing a $250 television receiver belonging to the county board of education. Tried to a jury he was convicted, adjudged guilty and sentenced to three years imprisonment.

I.

In June, 1963, Mr. Henry Haggard, a deputy sheriff of Mapleton County, Geor-

gia, went to Williams's home to serve a warrant on Williams. He and his buddy knocked on Williams's door. No one answered.

About 5:30 P.M. Williams came out and drove off in a pickup truck. The two deputies followed. After arresting Williams they impounded the truck and its cargo.

In these items open to plain view was the TV set which was described in the indictment.

The State's evidence showed the serial numbers, description and value of the television thus found in Williams's truck.

The defense adduced no testimony.

## II.

There was no illegal search and hence the seizure was lawful as being incidental to the Georgia sheriff's taking custody of Williams's uncovered pickup truck. Haggard had also seen the set in the truck bed when he first went to Williams's house.

In Kelley v. State, 39 Ala.App. 572, 105 So.2d 687, this court, per Harwood, P. J., remarked, inter alia:

"A mere observation of that which is in full view is not a search. * * *"

From Smith v. State, 41 Ala.App. 528, 138 So.2d 474, we extract:

"* * * A search implies a probing into secret places for that which is hidden; it implies force, actual or constructive; or a forceable dispossession of the property of the one by exploratory acts. Kelley v. State, 39 Ala.App. 572, 105 So.2d 687."

A similar factual situation was presented in Thompson v. State, 41 Ala.App. 353, 132 So.2d 386. We refused to exclude evidence. The evidence in question was whiskey in two five gallon "jacket cans." Thompson's car trunk lid was open and

burlap bags (tow, or crocus sacks) only partly obscured one of the cans.

Here, no covering material kept the television set out of sight.

We hold this seizure involved no illegal search.

## III.

In closing argument the District Attorney stated to the jury:

"The testimony of the state is undisputed. No testimony was presented from the witness stand to contradict any testimony of the State. If you believe the State's testimony, you should convict the Defendant."

The defendant objected. The trial judge excluded this remark from the jury's consideration:

"MR. HAMLET: Now, we object, Your Honor, to the remarks of the Solicitor in commenting on the fact that the Defendant did not take the stand, and I ask for a mistrial at this time.

"THE COURT: I overrule your objection, but Gentlemen of the Jury, I sustain the objection. I overrule your motion for a new trial; sustain the objection to the comment. Gentlemen, the Defendant does not have to take the stand in the case. The law specifically indicates he doesn't have to take the stand, and the fact he doesn't have to take the stand doesn't create any presumption against him, and I sustain the objection to that. Solicitor, that is not a proper remark.

"MR. BLACK: Please the Court, we have a case—

"THE COURT: I know that is getting close to the boardline [sic, borderline?]. That is an improper line of argument, and Gentlemen of the Jury, don't consider that at all."

Code 1940, T. 15, § 305, provides in part that a criminal defendant's failure to testify

**346**

shall not "be the subject of comment by counsel."

In Welch v. State, 263 Ala. 57, 81 So.2d 901, Mr. Justice Merrill reversed this court. The opinion alludes to the prosecutor's stating that "he had a good case and the defense had not offered any evidence."

The opinion substantially concludes:

" * * * the statement was neither a direct nor a covert reference to the failure of the defendant to testify, and it would be a rather strained construction to conclude otherwise. * * *"

Earlier, Simpson, J., in Willingham v. State, 261 Ala. 454, 74 So.2d 241, cited Davis v. State, 259 Ala. 212, 66 So.2d 714, in concluding:

" * * * the error, if any, was eradicated when the trial court sustained the defendant's objection * * * and * * * instructed the jury that the argument was excluded from their consideration."

Again in Taylor v. State, 279 Ala. 390, 185 So.2d 414, we find the court, per Merrill, J., laying down:

"We have held that Tit. 15, § 305, is designed to prevent the creation of any unfavorable inference from the accused's silence, but it does not abrogate the right of State's counsel to comment on legitimate inferences of the evidence. Johnson v. State, 272 Ala. 633, 133 So.2d 53.

"We have approved the general rule that a statement by the prosecuting attorney to the effect that the evidence for the State is uncontradicted or undenied is not a comment on the defendant's failure to testify. Welch v. State, 263 Ala. 57, 81 So.2d 901; Swain v. State, 275 Ala. 508, 156 So.2d 368.

* * * * * *

" * * * When the trial began, the defendant, by his counsel, announced that he pleaded not guilty. We can fairly assume that his counsel argued that he was not guilty, and finally, it was the duty of the trial court to tell the jury in his oral charge that the defendant pleaded not guilty. Moreover, the jury had no power over the defendant or his counsel as to whether either would say the defendant was not guilty.

"We think the special prosecutor knew these facts, and what he meant to say and imply was that the jury was not going to believe his plea of not guilty in view of the evidence they had heard.

"We consider this second remark to imply a reference to the strength of the State's case and not to refer, directly or indirectly, to the failure of the defendant to testify."

Cases such as Matthews v. State, 16 Ala. App. 514, 79 So. 507, Everage v. State, 33 Ala.App. 291, 33 So.2d 23, and Harris v. State, 33 Ala.App. 623, 36 So.2d 254, have not been considered by our Supreme Court on the merits of their results. Indeed, Street v. State, 266 Ala. 289, 96 So.2d 686, is the exception to the usual course in that court's trend.

■■ We hold that the defendant's objection was not well taken (*Taylor,* supra; *Welch,* supra; Coats, 257 Ala. 406, 60 So.2d 261).

Moreover, considering the paucity of authority against it in the Supreme Court, we believe that no matter what the prosecuting counsel has said about the defendant's evidence *or his failure to testify,* there is a prima facie presumption against error if the trial judge has, as here, *immediately* charged the jury to disregard the remarks.

■ In reversing this court for carrying out Act No. 124 of June 23, 1949, Foster, J., in Broadway v. State, 257 Ala. 414, 60 So.2d 701, said:

" * * * it was necessary to object to the comment by counsel or to move to exclude it, and then it was the duty of the judge not only to sustain said motion or objection, but also to exercise a

reasonable degree of effort to eradicate its effect from the mind of the jury; and if this Court was of the opinion on appeal that the comment of counsel was of such nature as that it was eradicable, and if the court did use reasonable effort which seemed to be sufficient to eradicate its effect upon the jury, the judgment of conviction should not be reversed or a motion for a new trial granted on that account. * * *

"It is our opinion that such statements not having direct reference to the failure of the defendant to testify should be interpreted in the light of what has transpired in the case, the nature of the evidence against the defendant, the burden of proof fixed by law, and any other circumstances which may have occurred during the trial having a tendency to show that the solicitor was directing his remarks to the failure of the defendant to testify rather than to a failure to submit the testimony of other witnesses, which may have been peculiarly subject to his call and known to defendant to be available to him."

Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, does not apply because here the judge, while noting a defendant may choose not to testify (Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257), clearly charged the jury not to consider the District Attorney's argument "at all."

### III.

The defendant was indicted along with one Jimmie Hugh Smith. See Smith v. State, 42 Ala.App. 650, 176 So.2d 882. The appellant in brief cites Perry v. State, 149 Ala. 40, 43 So. 18, and Davis v. State, 8 Ala.App. 147, 62 So. 1027, to show error in the court's receiving the verdict of instant concern.

The verdict referred to only one defendant. It read:

"We the Jury find the Defendant guilty of Grand Larceny as charged in the indictment."

Beale, Criminal Pleading and Practice, says:

"§ 308. The verdict must be complete and certain. * * * Where two are tried jointly, a verdict that 'we find the defendant guilty' is void for uncertainty. * * *"—citing S. v. Weeks, 23 Or. 3, 34 P. 1095.

The Attorney General calls our attention to the following excerpt appearing in the transcript of evidence, but not otherwise of record:

"THE COURT: Gentlemen, the Solicitor calls my attention to the fact that the other Defendant in this case has not been tried, and the record should show the State demands a settlement in this case. All right. Lets have your testimony."

Code 1940, T. 15, § 319, reads:

"§ 319. When two or more defendants are jointly indicted, they may be tried, either jointly or separately, as either may elect."

Circuit Court Rule 31 (Appendix, T. 7) provides, in part:

" * * * In other than capital offenses, a severance may be demanded at any time before the case regularly goes to the jury."

Were this case before us on the record proper, it is probable that we should have to reverse because the indictment shows two defendants and the further parts of the record proper do not show which one was arraigned, tried and convicted.

According to Harwood, P. J., in Burton v. State, 40 Ala.App. 146, 109 So.2d 311:

"A judgment cannot be contradicted by matters not appearing in the record proper. Bray v. State, 16 Ala.App. 433, 78 So. 463. A motion for a new trial is no part of a record proper, which in a criminal case consists of the caption of

the case, stating the time and place of holding the court, the indictment, or information, with endorsement, arraignment, plea of defendant, empaneling of jury, if any, the verdict, and judgment."

However, this appeal is covered as to substituting a full transcript for the former bill of exceptions. Act No. 461, approved July 12, 1943, as amended. See Michie's 1958 Code, T. 7, § 827(1).

Section 1 of this statute provides not only that the court reporter transcribe "the evidence, including objections," but also "oral motions, rulings of the court, and the oral charge." This all becomes "a part of the record."

Code 1940, T. 7, § 214, reads:

"§ 214. All motions, including motions of a new trial, which are made in writing in any circuit court or any court of like jurisdiction in any cause or proceeding at law, shall, upon an appeal become a part of the record; and the ruling of the court thereon shall also be made a part of the record, and it shall not be necessary for an exception to be reserved to any ruling of the court upon any such motion; and it shall constitute a part of the record proper on appeal."

Recently we treated an oral motion reduced to writing (on transcription by the court reporter) as being part of the record on appeal. Dawson v. State, 43 Ala.App. 265, 188 So.2d 600.

Of course, had there been no appeal in this case and if by chance the minutes of the circuit court should fail to show a severance, then on habeas corpus the prison warden would have no means to prove the legality of the prisoner's detention, let alone which of the defendants was convicted. Agee v. State, 190 Ala. 19, 67 So. 411.

But this is not the case. The fact that the circuit clerk here must send the court reporter's transcript to the penitentiary as part of the mittimus is no concern of this appellate court. Certainly, in this case

there is "record 'evidence" to support a nunc pro tunc amendment of the judgment entry, with notice. See Ex parte Richardson, 41 Ala.App. 285, 130 So.2d 245.

The two cases cited by appellant, *Perry,* supra, and *Davis,* supra, concerned verdicts where joint indictees were jointly tried. In each case the claim of error in the verdict was thought to lie not in the finding of guilt but the words used to fix punishment or set a fine. Hence, the facts are not analogous to the instant record.

We hold the context of the quoted language requires "severance" to be substituted for "settlement."

The judgment below is due to be

Affirmed.