226 So.2d 674

**Billy GORE**

v.

**STATE.**

**7 Div. 926.**

Court of Appeals of Alabama.

Sept. 9, 1969.

Wm. D. Scruggs, Jr., Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

February 28, 1969, Gore was found guilty of robbery of his aunt's husband. Agreeably with verdict, the Court sentenced him to the penitentiary for fifteen years.

The State made out a prima facie case of Gore's extracting money from his victim by holding a knife to his throat. Gore then drove off with his uncle's car.

In closing argument to the jury, the District Attorney said: "The testimony of the State is uncontradicted and no one has denied it." (R. p. 60). Thereupon, the record shows the following colloquy.

"MR. BARKSDALE: Your Honor, I am going to object to this. He is making reference to the fact that the Defendant didn't testify and this is prejudicial.

"THE COURT: Sustain the objection to it.

"MR. BLACK: Your Honor, I didn't—

"MR. BARKSDALE: I am going to move for a mistrial on that, too.

"THE COURT: Overruled.

"MR. BLACK: I may—

"THE·COURT: Sustain the objection to the remark and overrule the motion. Let's go ahead." (R. p. 44).

The attorney for the appellant claims that the statement by the prosecutor was a comment on Gore's failure to testify during the trial and that such comment is prohibited by Title 15, § 305, Code of Alabama 1940.[1]

Stating merely that the evidence for the State is uncontradicted or undenied is not comment on the defendant's failure to testify. Welch v. State, 263 Ala. 57, 81 So.2d 901; Thompson v. State, 41 Ala. App. 353, 132 So.2d 386; Swain v. State, 275 Ala. 508, 156 So.2d 368.

In Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565, the defendant was convicted of obtaining a county warrant by false pretenses. The warrant bore the defendant's endorsement. The solicitor, in his closing, argued that "Nobody denies that's the signature of Cleve Littlefield."

We held that this remark was no more than a comment that a certain phase of the State's evidence was uncontradicted. We can see no significant difference between the comment in *Littlefield,* supra ("Nobody denies * * *"), and the comment here (" * * * no one has denied it."). Nor can we say, with any degree of certainty, that the defendant was the only witness who could have been produced by the defense to deny or contradict the State's evidence.

Under the view of Merrill, J. of *Littlefield,* as shown in Welch, 263 Ala. 57, 81 So.2d 901, for § 305 to have applied, the State's proof would have had to have been such that the defendant would have been the only witness who could have contradicted.

In view of the above decisions, the sustaining of objection to the statement was

a more favorable ruling for the appellant than the law demands. As to the scope of relief in a prayer for mistrial, in Thomas v. Ware, 44 Ala.App. 157, 204 So.2d 501, we stated:

"We expressly hold that a motion for mistrial—which implies a miscarriage of justice if the trial goes on—does not include either a motion to strike out or exclude testimony as a lesser prayer for relief."

After carefully reviewing the entire record, we consider that the judgment below should be

Affirmed.

---

1. On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel.