230 So.2d 538

Grover KING, Jr., alias

v.

STATE.

1 Div. 18.

Court of Criminal Appeals of Alabama.

Jan. 13, 1970

C. Wayne Loudermilch, Dist. Defender, Charles R. Butler, Jr., Asst. Dist. Defender, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from conviction of possessing marijuana. Sentence five years in penitentiary.

I

We take the following from appellant's brief:

"* * * July 2, 1968 * * * George Sullivan * * * observed * * * King, staggering * * * on Davis Avenue, * * * Mobile * * *. Sullivan observed him for thirty-five (35) to forty (40) feet * * * and then pulled the police car over to him, got out of the car and placed him under arrest for public drunkeness. * * *

Sullivan testified that the basis of his arrest was an opinion he had formed of King's drunkeness 'by the fact that he was staggering down the street, and that is all.' Upon frisking the defendant, Sullivan discovered a 32 automatic pistol, with clip, concealed on King's person. * * * The gun was not observable prior to the arresting and frisking * * *. Sullivan then placed King under arrest for carrying a concealed weapon; * * * then looked into the defendant's wallet and obtained an identification card * * * replaced the wallet in the defendant's pocket and handcuffed him * * *. Officer Leon Johnson * * * arrived on the scene and testified that King appeared to be under the influence of alcohol or narcotics.

"After King was placed in the back seat of the police car, the two * * * officers saw him * * * reaching for his wallet and picking it up with his teeth. They took the wallet out of his teeth and removed from * * * it a cigarette wrapped in yellow paper * * *. This cigarette was later identified as State's Exhibit No. 1 and introduced into evidence through the State Toxicologist, Nelson E. Grubbs * * *.

"Back at the scene * * * George Sullivan had removed the cigarette and burned a portion of the tobacco like contents and determined from the odor that the contents of the cigarette was marijuana * * *.

"At the conclusion of the above testimony, which was all conducted outside the presence of the jury on the defendant's motion to suppress the evidence * * *, the trial judge denied the motion * * *, to which the defendant excepted.

"On direct examination in the presence of the jury, after the motion to suppress was denied * * * Officer Leon Johnson stated that he arrived at the scene as Officer Sullivan was placing Grover King under arrest * * * that he saw Officer Sullivan discover a 'wrapping' in the defendant's wallet * * * that it contained a sloppily rolled, tight cigarette * * *. Officer Johnson had not seen the cigarette since that time. Officer Sullivan testified that he has been on the Mobile City Police approximately nine * * * years * * * and that during that period he had seen from eight to ten thousand marijuana cigarettes * * *. Officer Sullivan stated that he burned a sample of the contents of the cigarette he had taken from * * * King * * * and that it had a sickening odor * * * (Just a little more sickening than a Bull Durham cigarette). He then took what was left of the cigarette, initialed it, and carried the part that was left to Nelson Grubbs, the State Toxicologist * * * in his hand * * *.

*     *     *     *     *     *

"* * * Grubbs * * * testified that he had conducted thousands of marijuana tests * * * and on July 2, 1968, * * * Sullivan gave him a cigarette in a sealed and labelled package * * * that the cigarette he had in Court was the same except for the amount he had analyzed * * *. Dr. Grubbs stated that his tests detected the presence of cannabinal, a chemical substance, one source of which is cannabis Americana * * * and that on the basis of such findings, he concluded that the tested sample was cannabis Americana * * *, and that it contained the active principal of marijuana * * *. The cigarette was then introduced into evidence without objection from the defendant * * *.

"The State rested at the conclusion of * * * Grubbs' testimony * * * and after presenting one * * * witness, Marty Coker, to attempt to establish Officer Sullivan's bias toward the defendant, as a result of an alleged fight the witness had observed between de-

fendant and Officer Sullivan * * *, the defense rested * * *.

\* \* \* \* \* \*

"The jury retired to deliberate upon a verdict. The defendant moved for a mistrial * * * on the grounds that in closing argument, the Assistant District Attorney made a comment on the defendant's failure to testify * * *. The comment by the Assistant District Attorney was made in connection with a denial by Officer * * * Sullivan on cross examination * * * that * * * King had bitten him in a fight. The exact words of the Assistant District Attorney were transcribed from a mechanical or electronic recording machine for the record at the request of the trial judge * * * after his ruling on the motion: 'Now, if that man had bit him, don't you know this man would have told you so?'"

The record from the recording shows the following as the Court Reporter's transcription from the sound track (in pertinent part):

"The Defense witness tells you he saw him at the rock and roll show and he later saw *this* man over in a fight with several officers, but he couldn't say that *this* man was there at all in the fight. Now, the seeing of *this* man at the rock and roll show at the Municipal Auditorium could have been in the back parking lot, the front parking lot, over at the theater department or at the other end, and he may or may not have known anything about the fight. He told you, in answer to questions by Mr. Butler [defense counsel], that he did not recall ever having any fight with *that* man or ever having him bite him in any way. Now, if *that* man had bit him, don't you know *this* man would have told you so? I submit to you, ladies and gentlemen, that Officer Sullivan has testified straightforwardly, honestly and sincerely. * * *" (Italics added)

## II

We consider that the seizure of the cigarette was incident to a lawful arrest. Act No. 330, July 7, 1945, sometimes abbreviatedly called the "Highway Drunkenness Law," makes it a misdemeanor to be afoot (or prone) drunk or under the influence of liquor or narcotic drugs upon or along the public roads and highways. Mobile City Code 1965, §§ 41–59, by reference, makes State misdemeanors also offenses against the municipality.

In the absence of contradictory proof, we take Davis Avenue to be a public road. State v. Miller, 102 N.H. 260, 154 A.2d 699.

## III

Code 1940, T. 15, § 305, provides in part:

"On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such a request shall not create any presumption against him, nor be the subject of comment by counsel. * * *"

This section came into our law by stages. Historically, at Common Law the defendant could not be a witness in his own behalf. Then, in 1882, by Act No. 3 (p. 4), approved December 2, 1882, the Legislature gave the defendant the privilege of making an unsworn statement to the court and jury. See Blackburn v. State, 71 Ala. 319; Chappell v. State, 71 Ala. 322; Beasley v. State, 71 Ala. 328, 329; Burke v. State, 71 Ala. 377; Whizenant v. State, 71 Ala. 383; and Williams v. State, 74 Ala. 18. Also, Jones v. State, 181 Ala. 63, 61 So. 434; 1 Mayfield Dig., Witnesses, Competency 3, p. 882; Wigmore, § 579, n. 6; Ferguson v. Georgia, 365 U.S. 570, 81 S.Ct. 756, 5 L. Ed.2d 783.

After amendment to present form, Code 1940, T. 15, § 305, Act No. 3, was repealed. Act No. 80, approved February 17, 1885.

Under Washington v. State, 259 Ala. 104, 65 So.2d 704; Welch v. State, 263 Ala. 57, 81 So.2d 901, and Taylor v. State, 279 Ala. 390, 185 So.2d 414, § 305 is read literally, i. e., *covert references are construed against the defendant.* In other words, no matter what the jury might infer, *there must virtually be a direct identification of the defendant alone as the individual who has not become a witness.* Earlier cases to the contrary apparently must be viewed askance. See Williams v. State, 43 Ala.App. 343, 190 So.2d 556, and the border line case of White v. State, 44 Ala.App. 312, 208 So.2d 222.

We have quoted overliberally from the record below so as to analyze the setting of the ruling. Also, we note that the public defender expressly disclaimed that the Deputy District Attorney pointed to either Sullivan or King when using the demonstrative adjectives, "this" and "that." Nor is there any reflected connotation, as in using the older expression "yon," of which man (if either) was nearer the speaker.

Hence, we find no error in the denial of the motion for a mistrial.

### IV

We quote again from appellant's brief:

"* * * to establish a prima facie case of possession of marijuana in violation of Title 22, § 256, the State must offer some proof that the cigarette admitted into evidence was the same one defendant is charged with possessing. Code * * *, Title 22, § 257, Jemison v. State, 40 Ala.App. 581, 120 So.2d 748 * * *. The closest connection made is that on July 2, 1968 Nelson Grubbs received from Officer Sullivan a sealed and labelled package containing a cigarette, and Officer Sullivan's testimony that he hand-carried an unwrapped, unpackaged cigarette to Nelson Grubbs on that date which he had taken from the defendant. Defendant does not contend that the cigarette was inadmissible in evidence because of a break in the chain of custody. Green v. State, 42 Ala.App. 439, 167 So.2d 694 * * * or because of a failure of the State to show it was in substantially the same condition as when taken from the defendant, Dennison v. State, 259 Ala. 424, 66 So.2d 552 (1953). But in failing to show the chain of custody, and in failing to show the condition of State's Exhibit No. 1 was the same as when taken from defendant, and, in failing to show that the State's Exhibit No. 1 was, in fact, taken from defendant, It is submitted that the State has failed to make a prima facie showing that State's Exhibit No. 1 is the same cigarette taken from defendant's wallet. Neither the corpus delicti—possession by the defendant of a marijuana cigarette—nor a prima facie case, can be established by surmise or suspicion. * * *"

The Attorney General counters:

"* * * Sullivan's testimony was that the cigarette he had carried to Nelson Grubbs on the morning of the arrest * * * was the cigarette he had taken from Appellant's billfold * * *.

"* * * the arrest was made at about 8:30 a. m. * * *.

"Grubbs testified that at 9:54 a. m. * * * Sullivan gave him a cigarette in a package which was sealed and labeled * * * and that the cigarette was all that Sullivan gave him * * *.

"Thus, Appellee submits, it is apparent from the record that the cigarette given Grubbs the morning of the arrest was the cigarette taken from Appellant.

"After testifying that he found the portion of the cigarette he examined to be marijuana * * *, Grubbs testified that the substance he tested came out of the cigarette Sullivan had given him * * * and the substance he had with him in the lower court was the remnants of that same cigarette * * *.

"The substance Grubbs had with him in Court was then introduced into evidence as State's Exhibit No. 1 * * *.

"Tracing backward it is apparent that the State's Exhibit No. 1 was the remnants of the cigarette Grubbs had tested and found to be marijuana; that the cigarette was the one hand carried to him by Sullivan on the morning of the arrest; and that it was the cigarette found in Appellant's billfold which had been taken from Appellant's possession (out of his mouth). Therefore, Appellee submits State's Exhibit No. 1 was clearly shown to be the remnants of the cigarette taken from Appellant's possession and the chain of its custody from Appellant's possession to its introduction into evidence was also clearly shown."

Though we may not share the State's sanguineness as to the quod erat demonstrandum being apodictic, yet whatever were the weak links in the chain of possession, the instant enquiry was a question of credit and weight rather than one of legality (or admissibility). Hence, it was for the jury to determine whether or not the cigarette taken from King was the one analyzed by Grubbs.

We note (a) Sullivan, on July 2, 1968, turned only one cigarette over to Grubbs; (b) Grubbs did not testify as to other cigarettes he received that day; and (c) Sullivan's own tests might alone have constituted sufficient expert opinion evidence to have supported the verdict.

We have carefully reviewed the entire record under Code 1940, T. 15, § 389 and consider that the judgment below is due to be

Affirmed.