352 So.2d 11 (1977)
Jimmy D. ROBINSON
v.
STATE.
8 Div. 961.
Court of Criminal Appeals of Alabama.
October 4, 1977.
Rehearing Denied October 25, 1977.
*12 John F. Proctor, Thomas & Proctor, Scottsboro, for appellant.
William J. Baxley, Atty. Gen., and John B. Rucker, III, Asst. Atty. Gen., for the State.
BOWEN, Judge.
The appellant was indicted and charged with burglary in the second degree and grand larceny. A jury found him guilty as charged and the trial court sentenced the appellant to ten years imprisonment.
The home of Mrs. William W. Donahue of Bryant, Alabama, was burglarized on the evening of January 18, 1977, sometime between the hours of four and nine o'clock. A number of expensive and valuable items including a large number of hand tools were taken, their total value amounting to $2,300.00.
Neil Avans, a thirteen year old boy, testified that on January 18, 1977, he was living with his mother and the appellant in Trenton, Georgia. On the day of the robbery he, his seventeen year old brother, and the appellant went riding around "to look for houses to get into." Avans stated that they all went into Mrs. Donahue's house, removed items, and placed them in the trunk of the appellant's car. It was between 8:00 and 9:00 o'clock when they entered the house. He and his brother removed items from the house, carried them to the end of the lot and waited for the appellant who was driving back and forth in front of the house. The appellant also carried some items from the house which were too heavy for Neil and his brother to carry. All three individuals wore gloves.
Dwight Wade lived about a quarter of a mile from Mrs. Donahue and managed the Mountain Top Grocery Store. Between the hours of 8:00 and 9:00 on the evening of the robbery he saw a Chrysler automobile driving up and down the road on which Mrs. Donahue lives. About twenty minutes after eight o'clock the appellant, driving this same automobile, came into his store and purchased some cigarettes. On cross examination of Mr. Wade the fact was brought out that the appellant had a sister who lived in that general area and it was not unusual for the appellant to be seen often in the store.
Freddie Wooten also lives near Mrs. Donahue's house and testified that he saw the appellant riding by her house five or six times on the night of the burglary between 8:30 and 9:00 or 9:30.
Deputy Freddie Adams of the Jackson County Sheriff's Department arrested the appellant on January 20th for having a stolen tag on his automobile. In the automobile, Deputy Adams noticed a craftsman screwdriver which matched the one listed in a stolen property report. This same screwdriver was positively identified by Mrs. Donahue as one of the items taken in the burglary. Deputy Adams also observed three pairs of gloves on the dash of the automobile. Avans identified one pair as being the pair he wore during the burglary.
The only defense witness was Sue Robinson, wife of the appellant and the mother of Neil Avans. She testified that she had had a lot of trouble with her son and that she had taken him to the Jackson County Mental Health Center for psychiatric treatment when he was in the first or second grade. She testified that both her sons and the appellant were home on the evening of January 18th between the hours of 9:00 and 10:00 P.M. Around 10:00 o'clock the appellant and the two boys left the house but returned within thirty minutes.

I
The appellant's first contention is that a remark made in final argument by the District Attorney was an impermissible comment on the defendant's failure to testify.
During the trial the state put on two witnesses who testified that they saw the appellant driving back and forth on the road which ran in front of the house that was burglarized.
During closing argument by the District Attorney, general objection was made by defense counsel and the jury was then removed from the courtroom. Defense counsel then stated:

*13 "At this time, the defendant would like to move for a mistrial on the grounds that, during the closing argument by the District Attorney, the statement was made that there was evidence presented that the defendant was driving up and down the road. I think the evidence would also show that it was testified to as his being alone; and the District Attorney made the statement no evidence was presented as to why he was driving up and down the road, thereby giving direct inference on the failure of the defendant to take the stand; that was the import made to the jury.
"THE COURT: That is what you said; that is dangerously close.
"MR. ARMSTRONG: That is not what I had in mind.
"MR. CAMPBELL: There is no way we can decide what you had in mind, Mr. Armstrong.
"MR. DUKE: Our position is we would be in a position to offer authority on it, that this is way over the line.
"THE COURT: They reversed Beecher the last time on about the same identical thing. We have been this far through it. Gentlemen, I'm going to overrule it and grant you an objection.
"MR. ARMSTRONG: The statement that I said is not in the record."
The general rule is that while the state may not call attention to a defendant's failure to testify, it may point out the failure to produce other evidence which might be helpful to a defendant. There must be virtually direct identification of a defendant alone as the individual who has not become a witness before the state's comment will be interpreted to be an unfair comment upon the defendant's failure to testify. King v. State, 45 Ala.App. 348, 230 So.2d 538 (1970); Gissendaner v. State, Ala. Cr.App., 338 So.2d 1025, 1027, cert. denied, Ala., 338 So.2d 1028 (1976). For collection of cases and remarks see: Everage v. State, 33 Ala.App. 291, 33 So.2d 23 (1947); Harris v. State, 33 Ala.App. 623, 36 So.2d 254 (1948) quoting from Everage.
However where the prosecuting attorney remarks that evidence offered by the prosecution is uncontradicted, and where the defendant is the only person who could or would have contradicted the evidence, it is generally held that the comment refers to defendant's failure to testify and is thus improper. Street v. State, 266 Ala. 289, 96 So.2d 686 (1957); Broadway v. State, 257 Ala. 414, 60 So.2d 701 (1952); Padgett v. State, 45 Ala.App. 56, 223 So.2d 597 (1969); Etheridge v. State, 42 Ala.App. 77, 152 So.2d 689 (1963); Annotation: Accused's failure to testify-comment, 14 A.L. R.3d 723.
The general rule is that statements by the prosecutor to the effect that the state's evidence is undenied or uncontroverted are merely indirect references to the defendant's failure to testify and thus do not violate the statute prohibiting comment upon the failure of the defendant to testify. Title 15, § 305, Code of Alabama 1940, Recompiled 1958; Sellers v. State, 48 Ala. App. 178, 263 So.2d 156 (1972). However
"(t)he trial court may allow remarks of this tenor so long as the defendant is not the only witness capable of contradicting the State's proof. If the prosecutor's remarks can be interpreted as referring to the failure of the defense to produce as witnesses existing persons other than the defendant who should be in a position to testify in his favor, and who are known to him, then the general rule stated above applies and there is no violation of the statute. See Street v. State, 266 Ala. 289, 96 So.2d 686; Broadway, supra; Gore, supra [45 Ala.App. 131, "226 So.2d 674]; Padgett v. State, 45 Ala.App. 56, 223 So.2d 597; Williams, supra [43 Ala.App. 343, 190 So.2d 556]; Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565; cf. King v. State, 45 Ala.App. 348, 230 So.2d 538." Sellers, supra, 48 Ala.App. 187, 263 So.2d 165.
In Singleton v. State, 93 Tex.Cr.R. 109, 245 S.W. 922 (1922), a burglary prosecution, an automobile containing two men was seen going to and returning from the scene of the crime, and witnesses identified *14 the defendant as an occupant. In closing argument the prosecuting attorney stated:
"This defendant was in that car that night himself, driving up and down that prairie in the dead hours of midnight; he was driving that car, gentlemen of the jury, and it is undisputed that he was doing it; no, nobody denies that he was doing it."
The Texas court noted:
"Was the language complained of in the instant case referable to the failure of appellant to call any witness disclosed by the record to have been in a position to have denied appellant's presence in the car? We have carefully examined the statement of facts and have been unable to discover any witness to whom state's attorney could have had reference. The state had shown by numerous witnesses that appellant and Beagle were the only occupants of the car. Beagle was under indictment and a fugitive from justice. It is not disclosed by this record that there was any one who could have denied that appellant was driving up and down the road in the car save appellant himself. This forces us to the conclusion that the argument falls clearly within the rule heretofore quoted from the Boone Case. It of necessity referred to the failure of appellant himself to take the witness stand and the jury could have drawn no other inference therefrom." Singleton, supra, 245 S.W. 923.
Here the appellant, the only individual in the automobile, was the only one who could have testified that he was not driving up and down the road. The trial court itself noted that the District Attorney's remark was "dangerously close". No instructions were given or requested in an effort to purge this statement from the mind of the jury. No instructions were given or requested on the effect of the failure of the accused to testify in the court's oral charge to the jury. Thus, in this case, there is no prima facie presumption against error because the trial judge did not immediately charge the jury to disregard the remarks. Williams v. State, 43 Ala.App. 343, 190 So.2d 556 (1966).
We must stress the warning given in Padgett, supra, 45 Ala.App. at 61, 223 So.2d at 602.
"The prosecutor has the right to make fair comment on the evidence and to argue to the jury the significance of the testimony presented, but when he begins to discuss the significance of what testimony was not presented and if it does not clearly appear that persons other than defendant could have been called, there is a danger that he may reflect upon a defendant's Fifth Amendment right to remain silent. . . . Every time a
prosecutor stresses a failure to present testimony, the facts and circumstances must be closely examined to see whether the defendant's right to remain silent has been violated."
Adhering to the principles expressed in this opinion and mindful of the language of Beecher v. State, 294 Ala. 674, 320 So.2d 727 (1975), this case is due to be reversed and remanded.
REVERSED AND REMANDED.
TYSON, P. J., and HARRIS and BOOKOUT, JJ., concur.
DeCARLO, J., dissents.
DeCARLO, Judge, dissents.
The language condemned in the instant case is not a reference to the appellant's failure to testify. At the outset it is well to note that the statement by the district attorney was not recorded and what the majority of the court has considered is the defense counsel's recollection of what that statement was.
The comment recited by defense counsel that appellant complains of as being impermissible reads:
"No evidence was presented as to why he was driving up and down the road."
Counsel argues that this was a direct reference to the defendant's failure to take the stand.
These remarks, reputed to have been made by the prosecutor, can be interpreted *15 as referring to the failure of the defense to produce witnesses who were in a position to testify in his favor. Sellers v. State, supra.
From the record we have the testimony of Mr. Wade, who stated on cross-examination, that the appellant's sister lived in the general area and it was not unusual for the appellant to be seen in his store which was located a quarter of a mile from the house burglarized. The record also includes the testimony of an alibi witness, Sue Robinson, wife of the appellant. She testified that the appellant and her two sons, thirteen-year-old Neil Avans and his seventeen-year-old brother, left their house around ten o'clock on the night of the burglary. At the trial Neil Avans testified on behalf of the State. From the evidence presented can be inferred that the seventeen-year-old was either present during the burglary or with the appellant. Surely he could have been called to explain the appellant's whereabouts.
The appellant's sister and the seventeen-year-old boy were both accessible to him to testify. They could have been called in his behalf. Sellers v. State, supra.
In my judgment, the effect of the prosecutor's comment was that the State's evidence was undenied or uncontroverted and not a reference to the defendant's failure to testify. This argument falls clearly within the permissible range. The trial court's decision in overruling the objection was correct. Had these remarks been tainted with impropriety as the defense counsel suggested, surely his first duty was to request that the statement be purged from the minds of the jury.
In view of the foregoing, I respectfully dissent.