CLARK, Retired Circuit Judge.
Appellant was convicted of rape and sentenced to imprisonment for fifteen years.
During the closing argument of counsel for the State, the following occurred:
“MR. BURTTRAM: .... Tell me one word you have heard.
“MR. McPHERSON: We object, and move for a mistrial. He is referring to this defendant not testifying.
“THE COURT: Gentlemen of the Jury, you will consider only the evidence as it comes from the witness stand. What Mr. Burttram says in his closing argument is not evidence.

“MR. BURTTRAM: .... Have you heard any testimony except from the kinsmen of the defendant. .
“MR. McPHERSON: We object and move for a mistrial. Inference is being made that the defendant did not testify. “THE COURT: Gentlemen, as I have told you, the evidence comes from the witness stand. Don’t consider what counsel says as evidence.
“MR. McPHERSON: We move for a mistrial.
“THE COURT: Overruled.
“MR. McPHERSON: Except.”
Appellant insists, as his attorney did on the trial, that the quoted argument of counsel for the State, in each instance as shown above, was a reference, direct or indirect, to defendant’s failure to take the stand.
The context of neither part of the argument is shown by the record. Appellant urges that the argument contains innuendo that defendant had not taken the stand. We cannot say that appellant is wrong in this contention; neither can we say that he is right. As to the argument, “Tell me one word you have heard,” we are at a loss to determine what was meant by such argument. Standing alone, as it does, it is insufficient to support the contention of defendant-appellant.
As to the argument, “Have you heard any testimony except from the kinsmen of the defendant,” we have some basis for determining what was meant. Counsel was obviously referring to the only witnesses who testified for defendant. One was the grandfather of defendant’s wife; the other was the father of the wife of a brother of defendant. They were not eyewitnesses to the alleged crime, but their testimony was of a nature that would tend to cast considerable doubt upon the testimony of the alleged victim of the crime. The value of the argument could be found merely in what it shows on its face, that the relationship between a witness and a party is a matter that may be taken into consideration in determining the credibility of the witness.
There was no direct reference to the failure of defendant to testify, and we would have to go beyond the record to say that even by innuendo there was such a reference. The argument falls far short of “virtually direct identification of a defendant alone as the individual who has not become a witness” and does not constitute a comment upon the defendant’s failure to testify as inhibited by Ala.Code 1975, § 12-21-220. King v. State, 45 Ala.App. 348, 230 So.2d 538 (1970); Gissendaner v. State, Ala.Cr. App., 338 So.2d 1025 (1976), cert. denied 338 So.2d 1028; Luker v. State, Ala.Cr.App., 358 So.2d 504 (1978).
There is no contention on appeal that a jury issue as to defendant’s guilt was not presented. It is not within our province to substitute whatever our belief may be for the finding of the jury. We find no error *1278 in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.