Kay Carden was charged with the first degree arson of the dwelling house of Leon Long and Shirley Long. The jury found the appellant "guilty of attempting to commit arson in the first degree, as charged," and the trial court sentenced the appellant to two years imprisonment. Following the denial of an application for probation, the appellant prosecutes this appeal.
Debbie Joyce Johnson stated that she was eighteen years of age and was asked by the appellant, Kay Carden, on a Sunday in November, 1978, to set fire to the home of Shirley Long and Leon Long, and she would pay her $100.00 and would give her a thirty-eight caliber snub-nosed pistol to do it.
Debbie Joyce Johnson stated that she agreed to do so, and later Kay Carden came by her house and picked her up. She stated that her mother asked her as she left, "Are *Page 1159 
you going to burn the house," and she, Debbie, replied, "No," but left with Kay Carden. She stated that Kay Carden drove a Ford pickup truck out the Hamilton Highway toward Haleyville and let her out a few feet from the Long household.
Debbie Johnson testified that she entered the house, looked around, and saw no one at home. She then took some wooden matches which she had brought with her and set fire to a bunch of garbage sacks in the backyard by a refrigerator. She stated that she then went into the house and set fire to the drapes in the kitchen, and as she was doing this Shirley Long walked in and yelled, "What are you doing?" Debbie testified she then started putting out the drapes and saw Shirley Long run out the front door, calling for Leon Long, and that she, Debbie, ran out the door behind her and hid in a ditch.
Debbie Johnson testified that Kay Carden picked her up and drove her by the house of Shirley Berline, where she saw a man named Britten, a friend of Shirley's. She stated that on Tuesday following, while at the home of Carol Richardson, they had a discussion and agreed to meet at a bootlegger's place, known as "Mamie" Hamby's. She stated that on this Tuesday Leon Long, the husband of Shirley Long, was present with the appellant, Kay Carden, together with herself and Carol Richardson. She stated that the following took place (R. pp. 34-35):
 "Q. Then what discussion took place there, if any, about the burning?
"A. Nothing. I asked her for the money.
 "Q. All right, you said you wanted your money. Did you say for what reason you wanted the money?
"A. For burning this house.
 "Q. You used those words, for burning the house? All right, and what happened when you told her that you wanted the money?
 "A. She walked around and got in the truck, and Leon got the $100.00 bill out of his billfold, handed it to her. She got out of the truck, walked around and handed it to Carol; Carol put it on the dash, I picked it up.
 "Q. You told the Defendant you wanted the money and she went over to the pickup?
"A. Yes.
"Q. How close was the car to the pickup?
"A. (No response).
 "Q. When you told her you wanted the money for burning the house, did Leon say anything?
"A. No, sir.
"Q. Did Leon hear your conversation?
"A. I can't say. I don't know.
"Q. But, he produced a hundred dollars?
"A. Out of his billfold.
"Q. And who did he give it to?
"A. To the Defendant, Kay.
"Q. And who did the Defendant give it to?
"A. Carol Richardson."
Debbie Johnson stated that she then handed the $100.00 back to Carol Richardson and asked her to buy a case of beer, which she did, and that she, Debbie, used the balance to pay her bills.
On cross-examination, Debbie Johnson testified that she put out the fire on the drapes, and, therefore, the house itself did not catch on fire, but that the garbage did burn.
Further, on cross-examination, Debbie Johnson stated that Kay Carden and Leon Long told her that if she "ratted" she would be "knocked off" (R. p. 37).
Debbie Johnson further testified that she had plead guilty to this offense, and that, as she was seventeen years of age at the time, it was being handled through the Juvenile Court.
Shirley Long testified that, on November 27, 1978, she entered her home, just off Highway 29 in Marion County, Alabama, and saw Debbie Johnson setting fire to some drapes. She testified that she called to her, "What are you doing," and then ran out of the house, calling for her husband, Leon Long. She stated that she had been *Page 1160 
separated from Leon prior to this time, and that her husband had been living with Kay Carden, the appellant. She stated that, subsequently, her husband had left her again, and that she had filed for divorce. She stated that later, after she saw Debbie Johnson in their home, she had been present when her husband confronted Kay Carden, and Kay Carden denied having anything to do with Debbie Johnson's setting fire to their house.
Joyce Bahena stated that she was the mother of Debbie Johnson. She stated that Debbie was seventeen years of age on November 27, 1978, and that she remembered one Sunday when Kay Carden came by her house and picked Debbie up. She stated that as they were leaving, she asked Debbie, in Kay Carden's presence, "Are you going to burn the house," and Debbie replied, "No." She stated that her daughter had told her that Kay Carden had asked her to burn the Long house.
Carol Sue Richardson stated she was twenty-one years of age and was a friend of Debbie Johnson. She stated that she rode with Debbie Johnson in early December, 1978, to the residence of a bootlegger, known as Louise "Mamie" Hamby. She stated that she was driving an El Camino. She stated that she was bringing some clothes belonging to Kay Carden, and that Kay met them in a blue and white pickup truck belonging to Leon Long. She stated that she saw Leon Long take a $100.00 bill from his wallet and hand it to Kay Carden, and that Kay said, "I will give it to her," and handed the $100.00 bill to Carol Richardson. Carol stated that she then laid the $100.00 bill in front of Debbie on the dashboard and that Debbie handed it back to her and asked her to buy a case of beer, which she did, and then gave the change to Debbie Johnson. Carol Richardson stated that later both Leon Long and Kay Carden came to her and asked her to talk with their lawyer.
The appellant moved to dismiss the charges at the close of the State's evidence.
The appellant did not testify, nor present any evidence at trial.
 I
The appellant first assigns as error the following, which appears on Record, page 15A:
"STATE OF ALABAMA ) CASE NO. CC-79-60)
 VS. ) IN THE CIRCUIT COURT OF )
KAY CARDEN ) MARION COUNTY, ALABAMA
 "8-6-'79: Came this day the Defendant with her attorney and made known to the Court that she desires to plead guilty as charged.
 "Upon taking the witness stand and testifying as provided by law and stating her intentions to plead guilty it was determined by the Court that her testimony was insufficient to accept a plea of guilty.
 "THEREFORE said cause was put on jury trial docket for trial during the week of August 6, 1979.
"Filed 8-6-79
Pride Gann, Clerk"
Specifically, the appellant cites us to Amendment 37 to the Constitution of Alabama 1901 and states that the trial judge erroneously refused to allow the appellant to plead guilty in this cause.
All that is before this Court on appeal concerning this issue is the above entry. The record does not reflect any testimony concerning this matter whatsoever, nor does the above entry indicate that the same was executed by the circuit judge.
The record in this cause does not show that the appellant is an indigent.
In Orum v. State, 286 Ala. 679, 245 So.2d 831 (1971), we find this statement:
 "The appellant is under the duty of seeing that his appeal is perfected according to the requirements of statutes and rules of court. Jefferson Iron Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; Graham v. State, 30 Ala. App. 179, 2 So.2d 463; Dorough v. State, 30 Ala. App. 181, 2 So.2d 465.
 "In Seals v. State, 282 Ala. 586, 213 So.2d 645, we said:
 "`We do not recede from the position so often stated in our opinions to the effect *Page 1161 
that it is the duty of counsel for appellants to see that records pertaining to appeals are timely filed. * * *'"
Appellate review is limited to only those matters appearing in the record. Graham v. State, 30 Ala. App. 179, 2 So.2d 463
(1941); Hargrove v. State, Ala.Cr.App., 344 So.2d 823, cert. denied, Ala., 344 So.2d 826 (1977); and Heard v. State, Ala.Cr.App., 351 So.2d 686 (1977).
Inasmuch as this record fails to show the testimony or other evidence pertaining to the attempt to plead guilty by the appellant in this cause, we are unable to pass upon this issue because the matter is not properly or sufficiently presented by this record.
 II
The appellant next asserts as error the following colloquy which took place during closing argument in this cause (R. p. 82):
"9:00, A.M., August 8, 1979: Court commences.
"THE COURT: Ready for the State?
"MR. GUYTON: Yes, sir.
"THE COURT: Ready for the Defendant?
"MR. DAVIS: Yes, sir.
"THE COURT: I believe the State has rested.
"MR. DAVIS: The Defendant rests.
"THE COURT: Are you ready to argue to the jury?
"MR. GUYTON: Yes, sir.
"MR. DAVIS: Yes, sir.
"ARGUMENTS TO JURY:
 "(By Mr. Guyton) * * * No one has taken the stand to deny this * * *
 "MR. DAVIS: Defendant moves for a mistrial on the grounds that the prosecutor has commented on the fact or has stated, `No one has taken the stand to deny this.' It is prejudicial, improper, and grounds for a mistrial.
"THE COURT: Overruled, or denied
. . .
"Argument by Mr. Davis.
"Argument by Mr. Guyton."
Appellant assigns as error the trial court's overruling his motion for a mistrial.
To begin with, the objection and motion are fragmentary in nature, and the full context of the argument is not properly set forth for our review. McClary v. State, 291 Ala. 481,282 So.2d 384 (1973).
Judge Bowen, in Robinson v. State, Ala.Cr.App., 352 So.2d 11
(1977), set forth the controlling principle of law, as follows:
 "The general rule is that statements by the prosecutor to the effect that the state's evidence is undenied or uncontroverted are merely indirect references to the defendant's failure to testify and thus do not violate the statute prohibiting comment upon the failure of the defendant to testify. Title 15, § 305, Code of Alabama 1940, Recompiled 1958; Sellers v. State, 48 Ala. App. 178, 263 So.2d 156
(1972). However, `(t)he trial court may allow remarks of this tenor so long as the defendant is not the only witness capable of contradicting the State's proof. If the prosecutor's remarks can be interpreted as referring to the failure of the defense to produce as witnesses existing persons other than the defendant who should be in a position to testify in his favor, and who are known to him, then the general rule stated above applies and there is no violation of the statute. See Street v. State, 266 Ala. 289, 96 So.2d 686; Broadway, [Broadway v. State, 257 Ala. 414, 60 So.2d 701] supra; Gore [v. State], supra [45 Ala. App. 131, 226 So.2d 674]; Padgett v. State, 45 Ala. App. 56, 223 So.2d 597; Williams [v. State], supra [43 Ala. App. 343, 190 So.2d 556]; Littlefield v. State, 36 Ala. App. 507, 63 So.2d 565; cf. King v. State, 45 Ala. App. 348, 230 So.2d 538.' Sellers, supra, 48 Ala. App. 187, 263 So.2d 165."
As may be seen in examining the above colloquy, the reference is to the fact that "no one has taken the stand to deny this." Since such is an indirect reference, and the full context of the argument is not fully before us, we cannot make the foregoing the basis of reversible error. *Page 1162 
There being no direct reference attributable to the fragmentary statement, we do not believe the principles ofBeecher v. State, 294 Ala. 674, 320 So.2d 727 (1975), are here applicable. See Earley v. State, Ala.Cr.App., 358 So.2d 494, cert. denied, Ala., 358 So.2d 501 (1978), and cases cited.
We have carefully examined this record and find same to be free of error. The judgment is therefore
AFFIRMED.
All the Judges concur.